Docket No. 98136–Agenda 11–January 2005.

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. RONALD WHITFIELD, Appellant.

JUSTICE McMORROW delivered the opinion of the court:

Defendant, Ronald Whitfield, appeals the dismissal of his postconviction petition. He contends that his constitutional rights were substantially violated because he entered a plea of guilty in exchange for a specific sentence, but, with the addition of a statutorily required term of mandatory supervised release (MSR), about which the trial court never admonished him, he was given a more onerous sentence and, as a result, denied the benefit of his negotiated plea bargain. As a remedy, he asks that his sentence of imprisonment be decreased by the length of the statutorily required MSR term.

For reasons that follow, we now hold that, under the circumstances of this case, defendant has established that his constitutional rights were substantially violated. We remand for further proceedings consistent with this opinion.

BACKGROUND

On September 16, 1998, in the circuit court of Cook County, defendant Ronald Whitfield entered a plea of guilty to charges of first degree murder (No. 95–CR–3219) and armed robbery (No. 95–CR–21921) pursuant to a negotiated plea agreement. At the hearing, the prosecutor set forth the terms of the agreement, stating that defendant “will receive 25 years IDOC” for his plea of guilty to felony murder and a concurrent sentence of “six years IDOC” for his plea of guilty to armed robbery. After hearing a factual basis, the circuit court accepted defendant’s plea, ratified the agreement, and in accordance with its terms, sentenced defendant to concurrent terms of imprisonment, 25 years and 6 years, respectively.
(footnote: 1) At no time during the plea hearing did the prosecutor or the court advise defendant that, pursuant to section 5–8–1(d)(1) of the Unified Code of Corrections (the Code) (730 ILCS 5/5–8–1(d)(1) (West 1998)), he would be subject to a three-year period of mandatory supervised release (MSR) following his 25-year sentence for murder.
(footnote: 2)
 Defendant did not file a postjudgment motion to withdraw his plea and never directly appealed his conviction or sentence. However, sometime while defendant was in prison, he learned that a three-year MSR term had been added to his 25-year sentence by operation of law. He then filed a 
pro se
 motion, on June 8, 2001, entitled “Motion for Relief From Judgment.” In this motion, defendant contended that his fourteenth amendment due process rights were violated because an MSR term, about which he was never advised, had been added to his negotiated sentence and resulted in a “more onerous” sentence than the one he had agreed to when he pled guilty. Defendant did not ask to have his plea withdrawn. Instead, he sought to hold the State to the terms of the plea agreement. Defendant argued that the appropriate relief would be to eliminate the MSR term or reduce his 25-year prison term by the length of the MSR term.

On October 1, 2001, the circuit court appointed the public defender to represent defendant on his due process claim. On October 16, 2001, the State moved to dismiss defendant’s section 2–1401 motion for relief from judgment, arguing that it was not timely filed. The State acknowledged that defendant’s motion could be treated as a postconviction petition, but argued that the circuit court was not obligated to do so. Furthermore, the State argued that, even if the court treated defendant’s motion as a postconviction petition, the petition should be denied because defendant did not make a substantial showing that his constitutional rights had been violated.

Responding to the State’s motion, defendant, represented by counsel, asked the court to treat his motion for relief from judgment as a postconviction petition. Defendant also supplemented his petition with references to case law. He cited 
Santobello v. New York
, 404 U.S. 257, 30 L. Ed. 2d 427, 92 S. Ct. 495 (1971), in support of his claim that he was denied the “benefit of the bargain that he made in pleading guilty.” Defendant also cited 
People v. Moore
, 214 Ill. App. 3d 938 (1991), and 
United States ex rel. Baker v. Finkbeiner
, 551 F.2d 180, 184 (7th Cir. 1977), for the proposition that the court’s failure to admonish him regarding the MSR term constituted a due process violation which required the court to strike the MSR term.

After a brief hearing on December 20, 2001, the circuit court granted the State’s motion to dismiss defendant’s petition. The circuit court did not indicate whether or not it found that defendant had established a due process violation, but simply refused to grant defendant the relief he requested. Defendant appealed.

The appellate court, in an unpublished order (No. 1–02–0314 (unpublished order under Supreme Court Rule 23)), upheld the dismissal of defendant’s petition. The appellate court held that the circuit court had informed defendant he would receive a specific sentence (25 years), but that defendant was, in fact, sentenced to a term greater than the agreed term, taking into consideration the period of MSR, about which defendant had not been admonished. Nevertheless, the appellate court concluded that defendant’s due process claim failed because he had not made a “good-faith argument” that he would not have pled guilty had he known about the MSR term. Without any discussion or analysis, the court held that decisions cited by defendant which held to the contrary, 
People v. Moore
, 214 Ill. App. 3d 938 (1991), and 
United States ex rel. Miller v. McGinnis
, 774 F.2d 819 (7th Cir. 1985), were “factually distinguishable.”

Defendant petitioned this court for leave to appeal, which we allowed. 177 Ill. 2d R. 315. Here defendant maintains, as he did below, that Illinois Supreme Court Rule 402(a) and the due process clauses of the Illinois and United States Constitutions required the circuit court to admonish him, before accepting his negotiated plea for the offense of murder, that a three-year MSR term would be added to his sentence. Defendant further maintains that, because the circuit court failed to admonish him, adding the MSR term to his sentence violates due process, fundamental fairness, and principles of contract law. He asks this court to afford him the benefit of his plea bargain by modifying his sentence to a term of 25 years, inclusive of the three-year MSR term.

ANALYSIS

The appeal in the case at bar arises from the dismissal of defendant’s second-stage postconviction petition. The standard by which second-stage dismissals of postconviction petitions are reviewed is 
de novo
. 
People v. Munson
, 206 Ill. 2d 104, 115 (2002). We begin our review by recalling the familiar principles concerning postconviction proceedings.

The Post-Conviction Hearing Act ( 725 ILCS 5/122–1 
et seq
. (West 2002)) provides an avenue by which a defendant may challenge his conviction or sentence for violations of federal or state constitutional rights. 
People v. Jones
, 211 Ill. 2d 140, 143-44 (2004); 
People v. Rissley
, 206 Ill. 2d 403, 411-12 (2003); 
People v. Brisbon
, 164 Ill. 2d 236, 242 (1995). To be entitled to postconviction relief, a defendant must demonstrate that he has suffered a substantial deprivation of his federal or state constitutional rights in the proceedings that produced the conviction or sentence being challenged. 
People v. McNeal
, 194 Ill. 2d 135, 140 (2000). The scope of the postconviction proceeding is limited to constitutional matters that have not been, and could not have been, previously adjudicated. Accordingly, any issues which could have been raised on direct appeal, but were not, are procedurally defaulted and any issues which have previously been decided by a reviewing court are barred by the doctrine of
 res judicata
. 
Rissley
, 206 Ill. 2d at 412.

The State asks us to affirm the appellate court’s dismissal of defendant’s petition, arguing that defendant has not demonstrated that his constitutional rights were substantially violated at the plea hearing which produced his conviction and sentence.

Nature of Defendant’s Claim

We believe it appropriate, at the outset, to identify the exact nature of defendant’s claim. When seeking relief from a guilty plea, either directly or collaterally, there are two separate, though closely related, constitutional challenges that may be made: (1) that the plea of guilty was not made voluntarily and with full knowledge of the consequences, and (2) that defendant did not receive the benefit of the bargain he made with the State when he pled guilty. In the case at bar, the State argues that defendant’s appeal is an “improper amalgamation” of these two constitutional claims and that this court should clarify that “a claim that a petitioner did not get the benefit of the People’s bargain is fundamentally different from a claim that he did not understand the People’s offer and that, as a result, his plea was not knowing and voluntary.” Defendant, on the other hand, agrees that the two types of constitutional claims are analytically different, but denies that he has confused them in his petition. Defendant contends that he is raising a “benefit of the bargain” claim, 
i.e.
, that his constitutional right to due process and fundamental fairness was violated because the State breached the plea agreement which induced his plea. In his reply brief, defendant disavows and waives any challenge to the voluntariness of his plea.

In light of the arguments raised, we examine the two types of constitutional claims. The first constitutional claim derives from 
Boykin v. Alabama
, 395 U.S. 238, 23 L. Ed. 2d 274, 89 S. Ct. 1709 (1969). In 
Boykin
, the defendant entered pleas of guilty to five counts of robbery and was subsequently sentenced to death. The record of defendant’s plea hearing, however, showed that the trial court asked defendant no questions concerning his plea and that defendant did not address the court. On review, the Supreme Court held that, for a guilty plea to be valid under the due process clause, the record must affirmatively show that the plea was entered intelligently and with full knowledge of its consequences. Because, in that case, it could not be determined from the record of defendant’s plea hearing that his plea had been entered voluntarily or that he was aware of the consequences of his plea, the Court reversed defendant’s convictions and sentence.

The “benefit of the bargain” claim finds its roots in 
Santobello v. New York
, 404 U.S. 257, 262, 30 L. Ed. 2d 427, 433, 92 S. Ct. 495, 499 (1971). In 
Santobello
, the defendant agreed to plead guilty in exchange for various concessions by the government, including a promise by the prosecutor that no sentencing recommendation would be made by the government. Defendant pled guilty and, after a lengthy hiatus, was sentenced by the court. At defendant’s sentencing hearing, the government, represented by a different prosecutor, recommended a sentence to the court over defendant’s objection. The court adopted the recommended sentence. On appeal, the government conceded that the promise to refrain from making a sentencing recommendation had been made during plea negotiations. Accordingly, the United States Supreme Court reversed and remanded for further proceedings, holding:

“This phase of the process of criminal justice, and the adjudicative element inherent in accepting a plea of guilty, must be attended by safeguards to insure the defendant what is reasonably due in the circumstances. Those circumstances will vary, but a constant factor is that 
when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled
.” (Emphasis added.) 404 U.S. at 262, 30 L. Ed. 2d at 433, 92 S. Ct. at 499.

The cause was remanded to state court to determine whether specific enforcement of the plea agreement was the appropriate remedy or whether fundamental fairness required that defendant be given the opportunity to withdraw his plea.

Boykin
 and
 Santobello
 deal with two different aspects of a plea–its acceptance and its implementation. As these decisions make clear, principles of due process apply to both aspects–to the procedure of accepting the plea, as well as to the process of implementing the bargain itself. 
Mabry v. Johnson
, 467 U.S. 504, 509, 81 L. Ed. 2d 437, 443-44, 104 S. Ct. 2543, 2547 (1984) (both the validity of a plea and its enforcement are governed by due process); see also 
People v. Walker
, 54 Cal. 3d 1013, 1024, 819 P.2d 861, 867, 1 Cal. Rptr. 2d 902, 908-09 (1991). There are instances, however, when these two aspects of a plea will be interconnected. As noted by Justice Douglas in his specially concurring opinion, a “prosecutor’s promise may deprive a guilty plea of the ‘character of a voluntary act.’ ” 
Santobello
, 404 U.S. at 266, 30 L. Ed. 2d at 435, 92 S. Ct. at 501 (Douglas, J., concurring), quoting 
Machibroda v. United States
, 368 U.S. 487, 493, 7 L. Ed. 2d 473, 478, 82 S. Ct. 510, 513 (1962). Thus, when a “benefit of the bargain” claim is made, a court may need to consider the extent to which the plea was validly entered in order to decide “whether due process requires (a) that there be specific performance of the plea bargain or (b) that the defendant be given the option to go to trial on the original charges. One alternative may do justice in one case, and the other in a different case.” 
Santobello
, 404 U.S. at 267, 30 L. Ed. 2d at 436, 92 S. Ct. at 501 (Douglas, J., concurring).

In the case at bar, defendant raises a “benefit of the bargain” claim. We note that he does not assert that the prosecutor or the court 
affirmatively
 promised him that he would not have to serve a period of MSR. Instead, defendant’s premise is that principles of due process, embodied in Illinois Supreme Court Rule 402, made it incumbent upon the circuit court to admonish him, on the record, regarding the statutorily required MSR. Further, because no admonishment was given, his plea agreement, as evinced by the record, was that he would receive a maximum sentence of 25 years’ imprisonment. Based on this premise, defendant then argues that the State, by adding the MSR term, has breached the plea agreement, in violation of due process, and that he is prejudiced because he received a more onerous sentence–25 years plus 3 years MSR.

Defendant does not challenge the validity of the plea and, accordingly, does not seek the withdrawal of his plea of guilty. Instead, defendant contends that his plea of guilty, given in exchange for the promise of a 25-year sentence, was voluntarily and knowingly made. He requests specific enforcement of the negotiated plea agreement as he understood it. He now concedes, however, that a term of supervised release is statutorily mandated and, therefore, cannot be legally struck from his sentence. For this reason, he asks that his sentence be modified to 22 years’ imprisonment plus 3 years of mandatory supervised release to “approximate” the bargain that was struck between the parties.

Waiver

Initially, the State argues that the dismissal of defendant’s petition should be affirmed based on principles of waiver. Noting the well-established rule that “issues that could have been raised on direct appeal, but were not, are not amenable to post-conviction review” (see 
People v. Collins
, 153 Ill. 2d 130, 135 (1992)), the State contends that defendant should be denied collateral review of his claim because he “was aware from the date of his guilty plea that the judge had not included an admonition regarding the period of MSR” and never sought to withdraw his guilty plea or directly appeal his conviction.

The State’s “waiver” argument is, to be more precise, a claim of procedural default. “[W]aiver implies a knowing relinquishment of a right, whereas procedural default refers to the failure to adequately preserve an issue for later appellate review.” 
People v. Blair
, 215Ill. 2d 427, 457 n.3(2005) (Freeman, J., dissenting, joined by McMorrow, C.J., and Kilbride, J.). See also 
People v. Jung
, 192 Ill. 2d 1, 11 (2000) (Freeman, J., specially concurring, joined by Miller and McMorrow, JJ.); 
People v. Terrell
, 185 Ill. 2d 467, 522 (1998) (Freeman, C.J., specially concurring, joined by McMorrow, J.) Here, the State is arguing that defendant did not preserve his improper-admonishment claim for appellate review because he did not raise the issue in a motion to withdraw his guilty plea or in a direct appeal. The State’s claim, thus, is one of procedural default.

We find, however, that there was no procedural default under the facts of this case. Pursuant to Illinois Supreme Court Rule 402, every defendant who enters a plea of guilty has a due process right to be properly and fully admonished.
(footnote: 3) Moreover, in 
People v. Wills
, 61 Ill. 2d 105, 109 (1975), this court held that “compliance with Rule 402(a)(2) requires that a defendant be admonished that the mandatory period of parole [now called mandatory supervised release] pertaining to the offense is a part of the sentence that will be imposed.” See also 
People v. McCoy
, 74 Ill. 2d 398 (1979). It is undisputed that the circuit court failed to admonish defendant in accord with the rule. Under the circumstances, it would be incongruous to hold that defendant forfeited the right to bring a postconviction claim because he did not object to the circuit court’s failure to admonish him. To so hold would place the onus on defendant to ensure his own admonishment in accord with due process. Moreover, defendant alleges that it was not until he was in prison that he learned that his sentence had been increased by a three-year period of MSR. Therefore, he could not have raised the error in a motion to withdraw his plea or a direct appeal. Accordingly, we address the merits of defendant’s claim.

Due Process and Benefit of the Bargain

In the case at bar, defendant contends that his constitutional right to due process and fundamental fairness was violated because he pled guilty in exchange for a specific sentence, but received a different, more onerous sentence than the one he agreed to. We agree.

As discussed earlier, the Court held in 
Santobello
 that, “when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such a promise must be fulfilled.” 
Santobello
, 404 U.S. at 262, 30 L. Ed. 2d at 433, 92 S. Ct. at 499. By this holding, the Court recognized that plea agreements may be enforceable on constitutional grounds. In other words, if a defendant shows that his plea of guilty was entered in reliance on a plea agreement, he may have a due process right to enforce the terms of the agreement. See 
Mabry v. Johnson
, 467 U.S. 504, 509, 81 L. Ed. 2d 437, 443-44, 104 S. Ct. 2543, 2547 (1984); 
People v. Navarroli
, 121 Ill. 2d 516, 522 (1988) (“defendant who enters a guilty plea in reliance upon the promise of the prosecutor is entitled to a remedy when the prosecutor breaches that promise”). This is because a plea bargain, once embodied in the judgment of a court, deprives a defendant of liberty and other constitutionally protected interests. 
Mabry v. Johnson
, 467 U.S. at 507-08, 81 L. Ed. 2d at 442, 104 S. Ct. at 2546.

This court recognized the constitutional underpinnings of plea agreements in 
People v. Evans
, 174 Ill. 2d 320, 326-27 (1996), when we held:

“Courts must keep in mind that the defendant’s ‘underlying “contract” right is constitutionally based and therefore reflects concerns that differ fundamentally from and run wider than those of commercial contract law.’ [Citation.] As a result, the application of contract law principles to plea agreements may require tempering in some instances.”

In 
Evans
, we consolidated the appeals of two defendants who had entered negotiated pleas of guilty in exchange for specific sentences and, subsequently, brought motions to reduce their sentences. Applying the principles first espoused in 
Santobello
, we held in 
Evans
 that when a defendant enters a negotiated plea of guilty in exchange for specified benefits, such as the dismissal of certain counts or the promise of a certain sentence or sentencing recommendation, 
both the State and the defendant 
must be bound by the terms of the agreement. 
Evans
, 174 Ill. 2d at 327. Although, in 
Evans
, we were concerned with the constitutionality of holding defendants to the terms of their negotiated plea agreements, we quoted with favor 
United States v. Harvey
, 791 F.2d 294, 300 (4th Cir. 1986), for the proposition that “[n]either side should be able, any more than would private contracting parties, unilaterally to renege or seek modification simply because of uninduced mistake or change of mind.” We concluded that, “[i]n effect, the defendants are seeking to hold the State to its part of the bargain while unilaterally modifying the sentences to which they had earlier agreed” and that it would be “inconsistent with constitutional concerns of fundamental fairness” to allow defendants to attempt to unilaterally reduce their sentences. 
Evans
, 174 Ill. 2d at 328.

In the case at bar, defendant pled guilty pursuant to a negotiated plea agreement. The terms of the plea agreement, as set forth by the prosecutor at the plea hearing, included a specific sentence of 25 years. The trial court ratified this agreement and failed to admonish defendant, as required by Supreme Court Rule 402, that a mandatory supervised release term would be added to the sentence defendant had agreed to. Under these circumstances, we conclude that adding the statutorily required three-year MSR term to defendant’s negotiated 25-year sentence amounts to a unilateral modification and breach of the plea agreement by the State, inconsistent with constitutional concerns of fundamental fairness. We believe this conclusion is in conformity with earlier decisions of this court and with decisions reached by other jurisdictions.

In 
People v. McCoy
, 74 Ill. 2d 398 (1979), the defendant filed a postconviction petition alleging that the court’s “failure to admonish him at the time of his plea of guilty that the mandatory parole term was a part of the sentence was 
per se 
a constitutional violation entitling him to post-conviction relief.” 
McCoy
, 74 Ill. 2d at 401. We rejected this claim, holding that “the 
quid pro quo 
for the plea of guilty was the [prosecutor’s] 
recommendation
 that there be concurrent sentences of 1 to 3 years [and] defendant knew that the court was not bound to accept the recommendation and could sentence defendant to a term of not less than 1 nor more than 20 years.” (Emphasis added.) 
McCoy
, 74 Ill. 2d at 403. We concluded that, although it was error for the court to have omitted the admonishment, the error was not of constitutional dimension because defendant was not prejudiced–the “indeterminate sentence imposed, together with the mandatory parole period, [was] substantially less than the maximum of 20 years to which defendant knew he could be sentenced.” Under the facts of that case, then, there were no grounds for granting the defendant relief on his postconviction petition. Defendant received a sentence that was less than the maximum sentence he was told he could receive and, as a result, the omitted admonition did not affect the voluntariness of the plea. 
McCoy
, 74 Ill. 2d at 403. Moreover, because the State promised only to recommend a sentence, defendant received the benefit of the bargain he made with the State.

Significantly, in 
McCoy
, we considered decisions issued by the United States Court of Appeals for the Seventh Circuit, 
United States ex rel. Baker v. Finkbeiner
, 551 F.2d 180 (7th Cir. 1977), and 
United States ex rel. Ferris v. Finkbeiner
, 551 F.2d 185 (7th Cir. 1977), but found them to be “factually distinguishable.” 
McCoy
, 74 Ill. 2d at 403-04. In 
Baker
 and 
Ferris
, the defendants, like the defendant in the case at bar, entered pleas of guilty in exchange for the promise of a specific sentence and were not informed by the court, prior to the court’s acceptance of their plea, that a statutorily required mandatory period of parole would be attached to the prison sentence.
(footnote: 4) Having been denied relief in state court, the defendants sought writs of 
habeas corpus.

The 
Baker 
court ruled that the defendant’s due process rights had been violated, holding:

“The correct test to be used in determining whether the circumstances surrounding Baker’s negotiated guilty plea violated the Due Process Clause is that the plea must withstand collateral attack unless the sentence actually imposed upon Baker significantly differed from the sentence which the prosecutor and the trial court promised him.” 
Baker
, 551 F.2d at 183.

Citing 
Santobello v. New York
, 404 U.S. 257, 161-63, 30 L. Ed. 2d 427, 432-33, 92 S. Ct. 495, 498-99 (1971), the 
Baker
 court held that the addition of the mandatory parole term made defendant’s sentence “more onerous” than what he had been promised and, as a result, he did not receive the benefit of the bargain he had made with the State. The 
Baker 
court concluded that, because the defendant had entered his plea in exchange for a specific sentence, the failure of the prosecutor and the trial court to advise Baker of the mandatory parole term “created a defect of constitutional dimension in his guilty plea” in that the guilty plea was “unfairly induced in violation of the Due Process Clause.” 
Baker
, 551 F.2d at 181, 184.

In 
Ferris
, the court relied on its decision in 
Baker
 and concluded that Ferris, too, had been “substantially prejudiced by the additional parole term, and that due process notions of fundamental fairness required that he receive the benefit of the bargain he had struck.”

Distinguishing 
Baker 
and 
Ferris 
from the situation in 
McCoy
, we held that 
Baker
 and 
Ferris
 differed in that the defendants’ negotiated plea agreements in those cases had been, not just for a sentencing 
recommendation
, but for the promise of a particular prison sentence. Thus, in 
McCoy
, we suggested that the result might have been different had McCoy’s negotiated plea been for the promise of a specific sentence.

Since 
McCoy
, our appellate court has had several opportunities to consider, both in the context of direct appeals and postconviction proceedings, whether a defendant’s due process rights are violated by a trial court’s failure to admonish the defendant that a mandatory supervised release term will be added to the term of incarceration. Generally, our appellate court has drawn a distinction, as suggested in 
McCoy
, between “open” guilty pleas and negotiated pleas for a specific sentence.
(footnote: 5) In situations where a defendant has entered an open plea and the trial court has admonished the defendant regarding the maximum sentence to which he would be exposed by his plea, the failure to admonish a defendant concerning the MSR is not a constitutional violation, as long as the sentence plus the term of MSR is less than the maximum sentence which defendant was told he could receive. See 
People v. Fish
, 316 Ill. App. 3d 795 (2000) (in a stipulated bench trial, defendant was advised that the maximum penalty was 14 years, but he was sentenced to 14 years plus two years MSR and fines; thus stipulation was not a knowing and intelligent act done with sufficient awareness of the consequences); 
People v. Brown
, 296 Ill. App. 3d 1041 (1998) (although defendant entered an open plea, he was admonished as to a maximum sentence, but was sentenced to the maximum plus an MSR term; thus failure to admonish regarding MSR was not harmless error); 
People v. Coultas
, 75 Ill. App. 3d 137 (1979) (no constitutional error occurred because sentence of three years plus mandatory supervised release was less than the maximum five-year sentence defendant was advised could be imposed).

On the other hand, if the defendant negotiated a plea agreement for a specified sentence, the court’s failure to advise the defendant, on the record, concerning the MSR term has been held to be reversible error and a violation of due process. As explained in 
People v. Didley
, 213 Ill. App. 3d 910, 915 (1991):

“When a defendant has pled guilty in contemplation of receiving a specific sentence, imposing additional and unbargained-for terms or conditions is not permissible.”

See also 
People v. Smith
, 285 Ill. App. 3d 666 (1996) (where defendant agreed to plead guilty in exchange for an 11-year sentence, the failure to advise defendant that a 3-year MSR term would be added to his sentence made his plea unknowing); 
People v. Moore
, 214 Ill. App. 3d 938, 944 (1991) (because defendant negotiated for a predetermined sentence, the failure to admonish him regarding the MSR was error); 
People v. O’Toole
, 174 Ill. App. 3d 800, 801 (1988) (defendant entitled to postconviction relief because due process was violated when the court advised defendant that he would be sentenced to “a flat ten years” and did not tell him that a term of mandatory supervised release would be added); 
People v. Kull
, 171 Ill. App. 3d 496 (1988) (plain error occurred because defendant pled guilty in exchange for an agreed 22-year sentence, but was given 22 years plus 3 years’ mandatory supervised release).

Having reviewed the above cases, we conclude that, although substantial compliance with Rule 402 is sufficient to establish due process (
People v. Fuller
, 205 Ill. 2d 308, 323 (2002); 
People v. Burt
, 168 Ill. 2d 49, 64 (1995)), and an imperfect admonishment is not reversible error unless real justice has been denied or the defendant has been prejudiced by the inadequate admonishment (
People v. Davis
, 145 Ill. 2d 240, 250 (1991)), there is no substantial compliance with Rule 402 and due process is violated when a defendant pleads guilty in exchange for a specific sentence and the trial court fails to advise the defendant, prior to accepting his plea, that a mandatory supervised release term will be added to that sentence. In these circumstances, addition of the MSR term to the agreed-upon sentence violates due process because the sentence imposed is more onerous than the one defendant agreed to at the time of the plea hearing. Under these circumstances, the addition of the MSR constitutes an unfair breach of the plea agreement.

In reaching this conclusion, we reject the appellate court’s holding that a due process violation was not established in the case at bar because defendant “never raised a good-faith argument” that he would not have pled guilty had he been made aware of the MSR term. The appellate court relied on 
People v. Smith
, 285 Ill. App. 3d 666 (1996), wherein the court held that a due process violation is shown only if (1) the record discloses the court informed the petitioner he would receive a specific sentence of incarceration upon a guilty plea; (2) the trial court sentenced petitioner to a term greater than the agreed term, taking into account and including any period of MSR; 
and
 (3) petitioner raises a good-faith argument that he would not have pled guilty if he had been fully and correctly informed by the court of his potential sentence. The 
Smith
 court purported to rely on 
United States ex rel. Williams v. Morris
, 633 F.2d 71 (7th Cir. 1980), 
vacated as moot
, 455 U.S. 624, 71 L. Ed. 2d 508, 102 S. Ct. 1322 (1982), and 
United States ex rel. Baker v. Finkbeiner
, 551 F.2d 180 (7th Cir. 1977), as legal support for the three-prong test it promulgated.

Upon examination, the 
Baker
 decision reveals that the court 
explicitly rejected 
the argument that “Baker cannot now attack the validity of his guilty plea unless he can affirmatively demonstrate that he would not have entered the pleas if he had known of the mandatory parole term.” 
Baker
, 551 F.2d at 183. The 
Baker 
court reasoned that, when a defendant enters a plea in exchange for a specific sentence, rather than an open plea as in 
Bachner v. United States
, 517 F.2d 589 (7th Cir. 1975), no additional showing is necessary because prejudice has already been shown. The court stated:

“In contrast [to Bachner], Baker did suffer a detriment. He agreed to plead guilty in exchange for the promise of a specific sentence by the prosecutor, which was then ratified by the trial judge. Yet he was given a more onerous sentence than he had been promised.” 
Baker
, 551 F.2d at 183.

In 
United States ex rel. Williams 
the 
habeas
 petitions of three defendants were consolidated for consideration. Analyzing the facts of each defendant’s plea in comparison to 
Baker
 (negotiated plea) and 
Bachner
 (open plea), the court found that, in all cases but one, relief should be granted because the plea of guilty had been entered, as in 
Baker
, in exchange for a specified sentence and the total sentence, with the addition of the parole term, exceeded the sentence that was promised.

Clearly, neither 
Baker
 nor 
Williams
 supports the holding in 
Smith
 that, where a defendant enters a negotiated plea for a specific sentence, a finding that due process has been violated is contingent on the defendant’s ability to demonstrate that he would not have pled guilty had he known about the MSR.
(footnote: 6) Accordingly, we reject it.

Moreover, contrary to the State’s argument, we find that the recent Supreme Court decision 
United States v. Dominguez Benitez
, 542 U.S. 74, 159 L. Ed. 2d 157, 124 S. Ct. 2333 (2004), does not support a finding that a defendant, such as the one in the case at bar, must plead and prove that he would not have pled guilty had he known about the MSR. In 
Dominguez Benitez
, the defendant (who spoke only Spanish) was arrested after he sold drugs to a confidential informant. He was charged with conspiracy to possess more than 500 grams of methamphetamine and possession of 1,391 grams of methamphetamine, both with the intent to distribute. As a result of plea negotiations, the government agreed, in writing, to drop the possession charge and to stipulate to a “safety-valve” reduction of two levels if defendant pled guilty to the conspiracy charge, which carried a mandatory minimum sentence of 10 years. The “safety-valve” reduction would have allowed the district court to give defendant a sentence below the 10-year minimum. Eligibility for the safety-valve reduction was contingent on satisfying five conditions, one going to defendant’s criminal history. The contingencies, however, were not listed in the written agreement.

At the plea hearing, defendant was admonished in accord with Rule 11 of the Federal Rules of Criminal Procedure in all respects but one–defendant was warned that the agreement reached with the government was not binding on the court, but he was not advised that he would be unable to withdraw his guilty plea if the government’s recommendations were not followed. The written agreement, however, which had been read to the defendant in Spanish, provided the defendant with this specific warning. Defendant pled guilty but was not immediately sentenced.

At the subsequent sentencing hearing, the district court imposed a sentence of 10 years, the mandatory minimum without the safety-valve reduction. Defendant was told that at this time that he was ineligible for the safety-valve reduction because the probation report revealed that he had a more extensive criminal history than was previously known. Defendant did not object to the sentence at the time of the hearing, but later appealed, claiming that the court’s failure to advise him properly at the plea hearing pursuant to Rule 11 was plain error and grounds for allowing him to withdraw his plea. On review, the court of appeals reversed defendant’s conviction, finding that the district court’s error affected defendant’s substantial rights. The Supreme Court granted 
certiorari 
on the following question:

“ ‘[w]hether, in order to show that a violation of Federal Rule of Criminal Procedure 11 constitutes reversible plain error, a defendant must demonstrate that he would not have pleaded guilty if the violation had not occurred.’ ” 
Dominguez Benitez
, 542 U.S. at ___, 159 L. Ed. 2d at 166, 124 S. Ct. at 2338.

In deciding the issue before it, the Court noted that Rule 11, itself, provides that “[a] variance *** is harmless error if it does not affect substantial rights.” Fed. R. Crim. Proc. 11(h); 
Dominguez Benitez
, 542 U.S. at ___, 159 L. Ed. 2d at 166, 124 S. Ct. at 2338. The Court concluded that the omission of a single Rule 11 warning, without a showing of prejudice, was not a “structural” error, 
i.e.
, an error which “ ‘affects substantial rights’ ” or has “ ‘substantial and injurious effect or influence in determining the ... verdict.’ ” 
Dominguez Benitez
, 542 U.S. at ___, 159 L. Ed. 2d at 167, 124 S. Ct. at 2339, quoting 
Kotteakos v. United States
, 328 U.S. 750, 776, 90 L. Ed. 1557, 1572, 66 S. Ct. 1239, 1253 (1946).
(footnote: 7) The Court then held that, to show prejudice, “a defendant who seeks reversal of his conviction after a guilty plea, on the ground that the district court committed plain error under Rule 11, must show a reasonable probability that, but for the error, he would not have entered the plea.” 
Dominguez Benitez
, 542 U.S. at ___, 159 L. Ed. 2d at 168, 124 S. Ct. at 2340. The Court reversed the decision of the court of appeals, finding that it had applied the wrong standard and remanded for further proceedings.

Dominguez Benitez 
is inapposite to the case at bar. Similar to 
Bachner 
and 
Timmereck
, the defendant in 
Dominguez Benitez
 entered an open plea and was advised by the court, prior to the time that he entered his plea, that the court was free to impose any sentence available under the law and that the court was not obligated to follow the sentencing recommendations proffered by the government. Thus, the district court’s failure to advise defendant that he could not withdraw his plea if the government’s recommendation was not followed had no direct effect on the validity of the plea or the sentence imposed. Simply stated, Dominguez Benitez could not establish that he suffered any prejudice as a result of the faulty admonishment. Unlike the defendant in the case at bar, Dominguez Benitez was never promised by the government and the court that he would receive a particular sentence, only to learn later that the actual sentence imposed was more lengthy. The Court’s decision in 
Dominguez Benitez 
is not inconsistent with our holding in the case at bar.

Finally, we reject the State’s argument that we must remand defendant’s postconviction petition for a third-stage evidentiary hearing. The State argues that, although defendant alleged that he did not know that a mandatory supervised release term would be added to his sentence and although “it is uncontested that MSR was not mentioned” at defendant’s plea hearing, defendant should be required to prove, at an evidentiary hearing, that he was not actually aware that a period of MSR would be added to his sentence. We disagree.

First, it is unclear what sort of additional showing defendant could provide which would establish his lack of knowledge. Secondly, even if, as the State speculates, defendant had some level of general knowledge about MSR terms as a result of his criminal history or evidence could be mustered which would show that MSR was discussed during plea negotiations, it would not establish what defendant reasonably understood the terms of his plea agreement to be at the time he pled guilty. Finally, and most importantly, due process requires that it be evident from the record that a defendant’s plea of guilty is entered with full knowledge of the consequences. See 
People v. Day
, 311 Ill. App. 3d 271, 274 (2000) (“Due process is violated where a court admonishes a defendant that he will receive a shorter sentence than he actually receives; this includes the failure to advise a defendant of the three-year MSR attached to his sentence”). Where, as here, the record contains no evidence which affirmatively shows that defendant knew that he would be subject to an MSR term, defendant’s alleged unawareness must be taken as true.

We recognize that MSR terms are statutorily required and that “the State has no right to offer the withholding of such a period as a part of the plea negotiations and *** the court has no power to withhold such period in imposing sentence.” 
People v. Brown
, 296 Ill. App. 3d 1041, 1043 (1998). We have little doubt that, in the case at bar, neither the prosecutor nor the court intended to impose a sentence without the statutorily required MSR. However, as noted by the Court of Appeals for the Ninth Circuit, in
 United States v. Anderson
, 970 F.2d 602 (9th Cir. 1992), a present inability to fulfill a promise does not mean a breach of the plea agreement has not occurred. See also 
United States v. Cook
, 668 F.2d 317, 320 (7th Cir. 1982) (“[a] plea induced by an unfulfillable promise is no less subject to challenge than one induced by a valid promise which the Government simply fails to fulfill”). Here, the court was required to admonish defendant regarding the MSR term. Failing to do so was an uninduced error by the State.

In sum, we find that, in the case at bar, defendant has established a substantial violation of his constitutional rights. The record shows, and the appellate court found, that defendant pled guilty to murder in exchange for the promise of a 25-year sentence. It is “uncontested” that the circuit court failed to admonish defendant, as required by Supreme Court Rule 402 and due process, that a three-year MSR term would be added, by operation of law, to the negotiated 25-year sentence defendant agreed to when he pled guilty. As a result of the circuit court’s error, defendant was never advised that the sentence he was told he would receive in exchange for his plea of guilty was not the sentence which he would ultimately receive. Defendant was prejudiced by the omitted admonition because he received a more onerous sentence than the one he was told he would receive. Under these circumstances, it is not necessary for defendant to demonstrate a reasonable probability that, but for the error, he would not have pleaded guilty. Based on the record, defendant’s guilty plea was induced by the promise of a specific sentence, which he did not receive. Thus, defendant has established that this constitutional right to due process and fundamental fairness was violated.

Remedy

Having established that his constitutional rights were substantially violated, defendant is entitled to postconviction relief. The Supreme Court, in 
Santobello
, provided for two possible remedies when a defendant does not receive the “benefit of the bargain”: either the “promise must be fulfilled” or defendant must be given the opportunity to withdraw his plea. 
Santobello
, 404 U.S. at 262-63, 30 L. Ed. 2d at 433, 92 S. Ct. at 499. In
 Lane v. Williams
, 455 U.S. 624, 71 L. Ed. 2d 508, 102 S. Ct. 1322 (1982), the Court agreed that, under circumstances nearly identical to the those in the case at bar, two forms of relief were available, stating:

“[R]espondents could seek to remedy this error in two quite different ways. They might ask the District Court to set aside their convictions and give them an opportunity to plead anew; in that event, they might either plead not guilty and stand trial or they might try to negotiate a different plea bargain properly armed with the information that any sentence they received would include a special parole term. Alternatively, they could seek relief in the nature of ‘specific enforcement’ of the plea agreement as they understood it; in that event, the elimination of the mandatory parole term from their sentences would remove any possible harmful consequence from the trial court’s incomplete advice.” 
Lane
, 455 U.S. at 630, 71 L. Ed. 2d at 514, 102 S. Ct. at 1326.

The remedy defendant requests in the case at bar is enforcement of the negotiated plea agreement as he understood it. At the same time, however, defendant concedes that a term of supervised release is mandated by statute and legally cannot be struck from his sentence. See 730 ILCS 5/5–8–1(d)(1) (West 1998) (every sentence shall include as though written therein a term in addition to the term of imprisonment). Having conceded that the promise which induced his plea is unfulfillable under state law, defendant asks that his sentence be modified to 22 years’ imprisonment plus 3 years of mandatory supervised release to approximate the bargain that was struck between the parties.

After reviewing decisions by courts in other jurisdictions, we find the remedy sought by defendant to be appropriate. In 
James v. State
, 699 N.W.2d 723 (Minn. 2005), the Minnesota Supreme Court considered a postconviction petition brought on grounds similar to those of the case at bar. In 
James
, the petitioner entered a guilty plea and was not admonished that he would be subject to a statutorily mandated conditional release term. The court found that the addition of the 10-year conditional release term “resulted in a sentence that was in excess of the upper limit contemplated at the time [defendant] entered into the plea agreement.” The court concluded that defendant’s plea was induced by an unfulfillable promise and that he was entitled to withdraw his plea or have his sentence “modified in a way that does not violate the agreement.” See also 
State v. Jumping Eagle
, 620 N.W. 2d 42 (Minn 2000). We note that, in 
James
, the court did not grant either remedy, but remanded for further proceedings, stating that, due to the petitioner’s substantial delay in bringing his claim, the court should determine whether allowing petitioner to withdraw his plea would be unduly prejudicial to the State, in which case, defendant would be limited to the alternative remedy.

In 
Commonwealth v. Zuber
, 466 Pa. 453, 353 A.2d 441 (1976), the defendant pled guilty in exchange for various promises from the Commonwealth, including a promise that certain sentences would run concurrently–a promise which was unfulfillable because it was contrary to law. In a postconviction appeal, the Supreme Court of Pennsylvania held that the defendant’s plea had been induced by the illegal promise and granted defendant’s request to have his sentence reduced, stating:

“By so doing, appellant will then have received ‘the benefit of the bargain’ made with the Commonwealth and still serve a prison sentence commensurate with the term contemplated by all of the parties to the plea proceedings.” 
Zuber
, 466 Pa. at 462, 353 A.2d at 446.

In 
United States ex rel. Ferris v. Finkbeiner
, 551 F.2d 185, 187 (7th Cir. 1977), cited earlier, the Court of Appeals for the Seventh Circuit held:

“Since Ferris has substantially begun performing his side of the bargain, it would not be fair to vacate the plea and require him to go through the procedure anew. Fundamental fairness can be had by limiting his term of custody to that portion of the sentence which comports with the bargain made.”

Similarly, in 
United States v. Bowler
, 585 F.2d 851, 856 (7th Cir. 1978), the court held that “the fashioning of an appropriate remedy is largely a matter of the exercise of the sound discretion of the court according to the circumstances of each case.” The 
Bowler 
court proffered three choices: “Appropriate relief can include allowing a defendant to withdraw a guilty plea, 
United States v. Hammerman
, 528 F.2d 326 (4th Cir. 1975); directing the Government to provide specific performance of a promise, 
Geisser v. United States
, 513 F.2d 862 (5th Cir. 1975); or ordering the imposition of a specific sentence where withdrawal of a guilty plea or specific performance by the Government would be either meaningless or infeasible. 
Correale v. United States
, 479 F.2d 944 (1st Cir. 1973).”

Recently, in 
People ex rel. Ryan v. Roe
, 201 Ill. 2d 552, 557 (2002), this court exercised its discretion and fashioned an appropriate remedy in a situation where a guilty plea had been induced by a legally unfulfillable promise. The circumstances were procedurally different from those in the case at bar. In 
Roe
, the State brought a 
mandamus
 complaint, seeking to have a sentencing order amended on the grounds that the sentence was illegal. After finding that the sentence, which had been imposed pursuant to a plea agreement, violated the law and, therefore, was void, we held that an “equitable solution” would be to modify the sentence to one which defendant proposed and which would approximate the penal consequences contemplated by the original plea agreement.

In light of 
Roe
 and Justice Douglas’ admonition that “a court ought to accord a defendant’s preference considerable, if not controlling, weight inasmuch as the fundamental rights flouted by a prosecutor’s breach of a plea bargain are those of the defendant, not of the State” (
Santobello
, 404 U.S. at 267, 30 L. Ed. 2d at 436, 92 S. Ct. at 501 (Douglas, J., concurring)), we conclude that, in the case at bar, the appropriate remedy is to modify defendant’s sentence to a term of 22 years of imprisonment, to be followed by the mandatory 3-year term of supervised release.

CONCLUSION

We reverse the judgment of the appellate court, vacate the sentence imposed by the Cook County circuit court and remand to the circuit court with directions that it impose a sentence of 22 years’ imprisonment, to be followed by a term of 3 years’ mandatory supervised release.

Appellate court judgment reversed;

cause remanded with directions.

CHIEF JUSTICE THOMAS, specially concurring:

I agree with the majority that defendant made a substantial showing that his constitutional rights were violated because he did not receive the benefit of his bargain and further that the appropriate remedy for such a claim, under the circumstances, would be to modify the defendant’s sentence. I also agree with the majority’s conclusion that the cause need not be remanded for an evidentiary hearing to test defendant’s claim that he failed to receive the benefit of his bargain. I write separately because I reach the conclusion that an evidentiary hearing is not required for different reasons than the majority.

The purpose of a postconviction proceeding is to allow inquiry into constitutional issues involved in the original conviction and sentence that have not been, and could not have been adjudicated previously on direct appeal. 
People v. Morgan
, 187 Ill. 2d 500, 528 (1999). The Post-Conviction Hearing Act provides the mechanism by which those under a criminal sentence can assert that their convictions were the result of a substantial denial of their constitutional rights. 
People v. Coleman
, 183 Ill. 2d 366, 378-79 (1998). The Act provides for various, distinct stages to conduct this inquiry. First, a defendant commences proceedings under the Act by the filing of a petition, which must clearly set forth the respects in which the defendant’s rights were violated. 725 ILCS 5/122–2 (West 2002). The Act requires that a defendant attach affidavits, records, or other evidence supporting the petition’s allegations. 725 ILCS 5/122–2 (West 2002). Thereafter, if the defendant is under a sentence of imprisonment, the circuit court is to examine the petition to determine if it is frivolous or patently without merit; if it is determined to be frivolous or patently without merit, the court is authorized to dismiss the petition. 725 ILCS 5/122–2.1(a) (West 2002). If the petition is not dismissed at this stage, it is docketed for further proceedings in accordance with sections 122–4 through 122–6 of the Act. 725 ILCS 5/122–2.1(b) (West 2002). Under section 122–5 of the Act, the State then has an opportunity to file a motion to dismiss or an answer. 725 ILCS 5/122–5 (West 2002). If a motion to dismiss is filed and then denied, the State must then file an answer within 20 days after such denial. 725 ILCS 5/122–5 (West 2002). The court may then receive proof by affidavits, depositions, oral testimony, or other evidence. 725 ILCS 5/122–6 (West 2002). In its discretion, the court may order the defendant to be brought before the court for the hearing. 725 ILCS 5/122–6 (West 2002). If the court finds in favor of the defendant, it is required to enter an appropriate order with respect to the judgment or sentence in the former proceedings. 725 ILCS 5/122–6 (West 2002).

In the present case, the State’s motion to dismiss was granted without comment, so it never actually had an opportunity to file an answer denying the factual allegations of defendant’s petition. While it is true that all well-pleaded facts in a defendant’s petition and in the accompanying affidavits are taken as true, this is only for the purpose of making a substantial showing that constitutional rights have been violated so that a defendant can proceed to an evidentiary hearing on his allegations. 
Morgan
, 187 Ill. 2d at 528. This court has repeatedly stressed that an evidentiary hearing is required whenever a defendant makes a substantial showing of a violation of constitutional rights. 
Coleman
, 183 Ill. 2d at 381. Thus, if the court finds a substantial showing of a constitutional violation, the inquiry is normally advanced to the third stage of the postconviction procedure where the trial court conducts an evidentiary hearing. 
People v. Edwards
, 197 Ill. 2d 239, 246 (2001). When the petitioner’s claims are based on matters outside the record, it is not the intent of the Act that such claims be adjudicated on the pleadings. 
People v. Simms
, 192 Ill. 2d 348, 360 (2000); 
People v. Kitchen
, 189 Ill. 2d 424, 433 (1999); 
Coleman
, 183 Ill. 2d at 382.

In support of its ruling that no hearing is required, the majority asserts that “it is unclear what sort of additional showing defendant could provide which would establish his lack of knowledge.” Slip op. at 18. The State’s counter to this seems to be that, at an evidentiary hearing on a defendant’s claims, the burden is on the defendant to prove his claims by a preponderance of the evidence (
People v. Coleman
, 206 Ill. 2d 261, 277 (2002)), and that contract principles govern this case, requiring the party seeking to enforce a contract to prove its terms (see, 
e.g.
, 
Mannion v. Stallings & Co.
, 204 Ill. App. 3d 179, 186 (1990)). According to the State, the exact terms of the offer agreed upon are matters outside the record. Therefore, it contends, defendant would have to prove his claim either by testifying orally that the State did not tell him during plea negotiations that MSR would be included in his sentence or by submitting an affidavit indicating the same. The State also maintains that it would be free to submit evidence to show that defendant was told that MSR would be a part of his sentence. According to the State, these scenarios would raise conflicts in the evidence and questions of credibility for the court to resolve at the hearing.

The State’s analysis would be sound if not for the requirement of Supreme Court Rule 402(b), which requires that the terms of a plea agreement be “stated in open court.” 177 Ill. 2d R. 402(b). Specifically, the rule provides in relevant part as follows:

“The court shall not accept a plea of guilty without first determining that the plea is voluntary. If the tendered plea is the result of a plea agreement, the agreement shall be
 stated in open court
. The court, by questioning the defendant personally in open court, shall 
confirm the terms of the plea agreement 
***.” (Emphases added.) 177 Ill. 2d R. 402(b).

One of the purposes of an open-court statement and a personal confirmation of the terms of the plea agreement is to prevent a defendant from swearing falsely at a later collateral attack upon the proceedings that the terms of the agreement were other than the actual sentence imposed. See 
People v. Salvaggio
, 38 Ill. App. 3d 482, 486 (1976). Additionally, this court has emphasized that the requirement “prevents misunderstandings as to the terms of an agreement. It is an efficient means of 
reducing what is typically an oral understanding to a matter of record
. It also insures that the agreement will be visible for examination. *** Announcing the agreement in open court will deter *** future unfounded claims by a defendant that an agreement entered into was not honored.” (Emphasis added.) 
People v. Dudley
, 58 Ill. 2d 57, 60 (1974). 

It would be incongruous to hold that the State is free to argue that the terms of the agreement differed from those stated in open court, while at the same time, preclude a defendant from challenging a plea stated in open court on the basis that it differed from an earlier oral understanding. Rule 402(b) takes the guessing game out of discerning the parties’ oral understandings by reducing those understandings to a matter of record. This is analogous to a contract setting where the parties’ oral negotiations are reduced to a written contract, with all previous understandings merging into the written contract. Because I find that the plea agreement is a matter of record that can be easily discerned from a review of that record, I agree that no evidentiary hearing is necessary to resolve the benefit-of-the-bargain issue in this case.

FOOTNOTES
1:     
1
The order of sentence and commitment found in the record also shows that defendant was sentenced on the murder count to “(25) Twenty Five Years IDOC.” The sentencing order makes no reference to the three-year mandatory supervised release term required by law.

2:     
2
Section 5–8–1(d)(1) of the Code provides:

“Except where a term of natural life is imposed, every sentence shall include as though written therein a term in addition to the term of imprisonment. For those sentenced under the law in effect prior to February 1, 1978, such term shall be identified as a parole term. For those sentenced on or after February 1, 1978, such term shall be identified as a mandatory supervised release term. Subject to earlier termination under Section 3–3–8 [730 ILCS 5/3–3–8], the parole or mandatory supervised release term shall be as follows:

(1) for first degree murder or a Class X felony, 3 years.”

3:     
3
Illinois Supreme Court Rule 402 was adopted in response to 
Boykin.
 It is noted in the committee comments that one of the major objectives of the rule is to “insure compliance with the 
Boykin
 requirements.”

4:     
4
Additionally, in 
Ferris
, the defendant was misinformed by the court that, if he served his 10-year sentence, “that would be the end of it” and he would not be required to serve a period of probation. 

5:     
5
This same distinction has been drawn in other federal court decisions. See, for example, 
United States ex rel. Williams v. Morris
, 633 F.2d 71 (7th Cir. 1980), 
vacated as moot
, 455 U.S. 624, 71 L. Ed. 2d 508, 102 S. Ct. 1322 (1982), distinguishing the negotiated plea for a specific sentence in 
Baker
 from the open pleas in 
United States v. Timmereck
, 441 U.S. 780, 60 L. Ed. 2d 634, 99 S. Ct. 2085 (1979), and 
Bachner v. United States
, 517 F.2d 589 (7th Cir 1975).

6:     
6
As indicated above, the 
Williams
 decision was later vacated as moot by the Supreme Court in 
Lane v. Williams
, 455 U.S. 624, 71 L. Ed. 2d 508, 102 S. Ct. 1322 (1982). In 
Lane
, the Court explicitly declined to consider whether, to establish a constitutional violation, a defendant would have to show that he “in fact did not know of the parole requirement at the time [he] pleaded guilty or that [he] would not have pleaded guilty had [he] known of this consequence.” 
Lane
, 455 U.S. at 630 n.9, 71 L. Ed. 2d at 514 n.9, 102 S. Ct. at 1326 n.9.

7:     
7
It appears that the Court’s “structural error” standard for assessing faulty admonitions under Rule 11 is identical to our “substantial compliance” standard for assessing faulty admonitions under Supreme Court Rule 402.