SIXTH DIVISION
May 4, 2007

No. 1-04-2021

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County |
| | ) | |
| v. | ) | |
| | ) | |
| JACKIE CHAMNESS, | ) | Honorable |
| | ) | Thomas R. Sumner, |
| Defendant-Appellant. | ) | Judge Presiding |

JUSTICE McNULTY delivered the opinion of the court:

Our supreme court has ordered us to reconsider our initial resolution of this appeal from the dismissal of a postconviction petition. In our previous order we granted defendant, Jackie Chamness, the relief he sought when we reduced the sentence imposed following his guilty plea. In his petition for leave to appeal, defendant sought to withdraw his guilty plea. We must now determine the effect of defendant's new request on the resolution of the postconviction petition. We reverse the dismissal of the petition and remand to the trial court for further proceedings in accord with this opinion.

BACKGROUND

In 1997 police arrested defendant for violating an order of protection that directed him to stay away from his former girlfriend. Inmates in jail with defendant while he awaited trial reported that he offered to pay them to kill his former girlfriend. Prosecutors charged defendant with solicitation of

1-04-2021

murder for hire.  In 1998 defendant negotiated a sentence totaling 33 years in exchange for a plea of guilty to the charges of aggravated stalking and solicitation of murder for hire.  The court accepted the plea without informing defendant that statutes required the addition of a term of mandatory supervised release (MSR) following the completion of his sentence.  When defendant entered his plea, he suggested that the inmates had encouraged him to solicit the murder.

In 2001 defendant filed his postconviction petition.  He claimed that jailhouse informants entrapped him and that the trial court violated his constitutional rights by failing to inform him of the MSR.  The trial court dismissed the petition. On appeal we found that the failure to inform defendant of the MSR term violated his right to due process.  Because defendant, in his briefs to this court, said he did not wish to withdraw his guilty plea, we granted him relief by reducing his sentence by the length of the MSR term.

In light of defendant's request for leave to withdraw his guilty plea, our supreme court directed us to appoint an attorney to counsel defendant about the ramifications of his request.  We have done so, and following the consultation, defendant has reasserted his desire to withdraw his guilty plea.

Our supreme court's supervisory order directed us to

reconsider the case in light of <u>People v. Whitfield</u>, 217 Ill. 2d 177 (2005). The defendant in <u>Whitfield</u> pled guilty to first degree murder in exchange for a sentence of 25 years. <u>Whitfield</u>, 217 Ill. 2d at 179. The court did not advise the defendant that a three-year period of MSR would follow completion of the sentence. In a postconviction petition the defendant claimed that the imposition of a greater sentence than that to which he agreed deprived him of due process. Our supreme court agreed. <u>Whitfield</u>, 217 Ill. 2d at 195. The defendant did not seek a new trial; instead, he sought to enforce the bargain he reached with the prosecution and the court. Because statutory law required the three-year term of MSR, our supreme court reduced the defendant's sentence to 22 years, with 3 following years of MSR. <u>Whitfield</u>, 217 Ill. 2d at 205.

Our supreme court in <u>Whitfield</u> discussed the options available to defendants in cases involving lack of MSR admonishment. The prosecution argues that none of those options apply here because defendant forfeited the issue by failing to raise it on direct appeal. In <u>Whitfield</u> the court noted the incongruity of holding that the defendant forfeited the issue: "To so hold would place the onus on defendant to ensure his own admonishment in accord with due process." <u>Whitfield</u>, 217 Ill. 2d at 188. The court addressed the MSR issue on the merits despite

1-04-2021

the defendant's failure to raise the issue on direct appeal.  We find the reasoning of Whitfield applicable here.  Defendant has not forfeited his claim that the trial court violated his right to due process by accepting his guilty plea in exchange for a negotiated sentence without informing him that he would also serve a term of MSR.

The prosecution concedes that the trial court did not admonish defendant about MSR.  Thus, under Whitfield, defendant has established a violation of his constitutional rights.  Our supreme court stressed two possible remedies when a defendant has not received the benefit of his bargain due to incomplete admonishments.  Either the court must fulfill its promise, by reducing the sentence to accommodate the MSR term, "or defendant must be given the opportunity to withdraw his plea." Whitfield, 217 Ill. 2d at 202.

Our supreme court cited in support James v. State, 699 N.W.2d 723 (Minn. 2005).  The trial court in that case did not inform the defendant of a mandated conditional release term that would follow completion of his negotiated sentence.  The Minnesota Supreme Court found a violation of the defendant's constitutional rights, but the court neither reduced the sentence nor granted the defendant a new trial.  Our supreme court noted that the court in James "remanded for further proceedings,

-4-

stating that, due to the petitioner's substantial delay in bringing his claim, the court should determine whether allowing petitioner to withdraw his plea would be unduly prejudicial to the State, in which case, defendant would be limited to the alternative remedy." Whitfield, 217 Ill. 2d at 203.

In this case, we have no evidence in the record from which we can determine whether a retrial would unduly prejudice the prosecution. Accordingly, following the reasoning of James, we remand to the trial court for a hearing concerning the prejudice to the prosecution that might follow if the court grants defendant leave to withdraw his guilty plea.

Reversed and remanded.

TULLY and O'MALLEY, JJ., concur.