NOTICE
This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

2020 IL App (4th) 180445-U

NO. 4-18-0445

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
June 8, 2020
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | McLean County |
| CHARLES GRIFFIN, | ) | No. 16CF130 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Robert L. Freitag, |
| | ) | Judge Presiding. |

JUSTICE CAVANAGH delivered the judgment of the court.
Presiding Justice Steigmann and Justice Harris concurred in the judgment.

**ORDER**

¶ 1     *Held*:   Because the record rebuts the claim that defendant makes in his petition for postconviction relief, the petition is frivolous or patently without merit, and the circuit court was right to summarily dismiss the petition.

¶ 2     Defendant, Charles Griffin, who is serving a sentence of 20 years' imprisonment for unlawful delivery of a controlled substance (720 ILCS 570/401(a)(2)(A) (West 2016)), appeals the summary dismissal of his petition for postconviction relief. We agree with the McLean County circuit court that the petition is frivolous or patently without merit. Therefore, we affirm the judgment.

¶ 3                                    I. BACKGROUND

¶ 4     The information charged defendant with two offenses: count I, unlawful possession of a controlled substance with the intent to deliver it (*id.*), and count II, unlawful delivery of a

controlled substance (*id.*). In 2016, defendant offered to plead guilty to count II in return for 20 years' imprisonment, some fines and fees, and the dismissal of count I.

¶ 5        The circuit court admonished defendant on his proposed guilty plea to count II, unlawful delivery of a controlled substance. The court explained to him:

>"[T]hat charge is a Class X felony. So under Illinois law, anyone who is convicted of that offense must be sentenced to a term in the Illinois Department of Corrections. Under the law the mandatory minimum sentence is six years in the Department of Corrections. The maximum could be up to 30 years, or anything between 6 and 30 years could be imposed. *And any sentence to the Department of Corrections on this charge will also be followed by a three-year term of mandatory supervised release, or parole, once released from the Department of Corrections.* In addition to all of that, fines could be imposed. And the fines could total all the way up to $500,000." (Emphasis added.)

The court asked defendant if he "underst[oo]d that those [were] all possible penalties for the charge [he was] pleading guilty to [that day]." He answered in the affirmative.

¶ 6        The circuit court then reviewed the terms of the plea agreement with defendant: the dismissal of count I; 20 years' imprisonment for count II; a credit of 32 days for presentence custody; and fines, fees, and court costs. (At this point in the admonitions, there was no mention of mandatory supervised release.) The court enumerated for defendant the trial rights he would be giving up. The court ascertained from defendant that no one had coerced him into pleading guilty and that no one had promised him anything other than what was set forth in the plea agreement. Finally, after the prosecutor described a factual basis for the proposed guilty plea, the court said to defendant:

- 2 -

"[N]ow that you and I have gone over the terms of your plea agreement together, we've talked about the trial rights that you give up by pleading guilty, and *we've talked about all of those—the penalties that could have been imposed if there were no agreement*. Okay. Now that you understand all of those things, let me ask you this question. How do you plead to this one charge of unlawful delivery of a controlled substance, do you plead guilty or not guilty?" (Emphasis added.)

¶ 7 Defendant pleaded guilty to count II. Finding the guilty plea to be knowing and voluntary, the circuit court accepted it and entered judgment on it. The court then pronounced the following sentence:

"The defendant is hereby sentenced on Count 2 to a term of 20 years in the Illinois Department of Corrections, credit for time served, followed by a three-year term of mandatory supervised release. The defendant is also ordered to pay all fines, fees, and court costs as outlined in the supplemental sentencing order."

¶ 8 In 2018, defendant petitioned for postconviction relief, claiming that his guilty plea was unknowing and invalid because, before pleading guilty, he was never informed of the full amount of custody that would result from his guilty plea. He claimed that, when pleading guilty, he was unaware that, in addition to the agreed-on prison term of 20 years, his guilty plea would cause him to incur 3 years of mandatory supervised release. The circuit court summarily dismissed the petition.

¶ 9 This appeal followed.

¶ 10                                    II. ANALYSIS

¶ 11 Defendant contends that, in the guilty-plea hearing, the circuit court "discussed [mandatory supervised release] exclusively in the context of the possible penalties that could have

been imposed *if there were no agreement*." (Emphasis in original.) Therefore, on the authority of *People v. Whitfield*, 217 Ill. 2d 177, 184 (2005), defendant maintains that the three years of mandatory supervised release "denied [his] right to due process and the benefit of his plea bargain."

¶ 12    We disagree with defendant's interpretation of the circuit court's admonitions. The court told him that "*any* sentence to the Department of Corrections on this charge will also be followed by a three-year term of mandatory supervised release, or parole, once released from the Department of Corrections." (Emphasis added.) "[A]ny sentence to the Department of Corrections" means what is says, including a prison sentence imposed pursuant to a plea agreement. Therefore, by the plain language of the admonitions, a 20-year prison term imposed pursuant to the plea agreement would be followed by 3 years of mandatory supervised release.

¶ 13    The circuit court's subsequent reference to "penalties that could have been imposed if there were no agreement" introduced no confusion. The court merely remarked that it had discussed several topics, including penalties that could be imposed if there were no agreement. That remark was true. "[B]etween 6 and 30 years" of imprisonment were indeed a penalty that could have been imposed in the absence of the plea agreement. Agreement or no agreement, however, "*anyone* who is convicted of [unlawful delivery of a controlled substance] *must* be sentenced to a term in the Illinois Department of Corrections," the court told defendant. (Emphases added.) Crucially, the court added: "And *any* sentence to the Department of Corrections on this charge will also be followed by a three-year term of mandatory supervised release, or parole, once released from the Department of Corrections." (Emphasis added.)

¶ 14    That admonition, memorialized in the transcript of the guilty-plea hearing, flatly contradicts defendant's claim. A postconviction petition deserves to be summarily dismissed if it

- 4 -

asserts a claim that the record completely contradicts. See *People v. Hodges*, 234 Ill. 2d 1, 16 (2009).

¶ 15                                III. CONCLUSION

¶ 16          Rebutted by the record, the postconviction petition is frivolous or patently without merit. Therefore, we affirm the circuit court's judgment.

¶ 17          Affirmed.