2020 IL App (2d) 170926-U
No. 2-17-0926
Order filed March 18, 2020

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT
_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Kane County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 16-CF-827 |
| NATHANIEL PRYOR, | ) ) ) | Honorable M. Katherine Moran, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE HUDSON delivered the judgment of the court.
Presiding Justice Birkett and Justice Bridges concurred in the judgment.

**ORDER**

¶ 1     *Held*:  The trial court properly summarily dismissed defendant's postconviction petition, which alleged that his guilty plea was induced by ineffective assistance of counsel: defendant's claim that he was unaware that he was subject to mandatory supervised release (MSR) was refuted by the record, which showed that the court so admonished him, and therefore his assertion that he would have rejected plea offer of time served and MSR was not rational under the circumstances.

¶ 2     Defendant, Nathaniel Pryor, appeals the summary dismissal of his postconviction petition. He contends that he stated the gist of claims that (1) he was denied due process and (2) his counsel was ineffective during proceedings resulting in his guilty plea. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4    Defendant was charged with two counts of domestic battery (720 ILCS 5/12-3.2 (West 2016)). He agreed to plead guilty to one count in exchange for a one-year prison sentence and a four-year term of mandatory supervised release (MSR). The one-year prison term was to be concurrent with a six-year term imposed in an unrelated case. The trial court admonished defendant that he would receive credit for 247 days already served "and then followed by four years of [MSR] after you are released from the department of corrections."

¶ 5    Defendant said that he "wasn't aware of any of that." The court allowed defendant to consult with his attorney, following which the court again admonished him that he would "get a year in the department of corrections *** with 247 days served *** and a four-year period of [MSR]."

¶ 6    The court found that the plea was voluntary. The factual basis for the plea showed that defendant and the victim had a relationship and shared a child. On April 23, 2016, defendant argued with the victim and struck her, causing scratches and red marks on her face. The court found defendant guilty and imposed the agreed-upon sentence. The court explained that the sentence would be followed by a four-year MSR period and that "this sentence will run concurrent" with the other sentence.

¶ 7    Defendant did not move to withdraw the plea or appeal. However, on July 24, 2017, he filed a *pro se* postconviction petition. He alleged that his attorney had led him to believe that his MSR term would run while he was serving his six-year sentence in the other case, meaning that he would have to serve only the two-year MSR term attached to that sentence. He alleged that, if he had known that the MSR term would not begin until his release from prison, he would not have pleaded guilty and would have demanded a jury trial.

¶ 8    The trial court summarily dismissed the petition, finding that defendant did not establish that he failed to understand the terms of his sentence.  Defendant timely appeals.

¶ 9                                              II. ANALYSIS

¶ 10    Although defendant claims both a denial of due process and the ineffective assistance of counsel, both contentions are based on the allegation that defense counsel gave him the mistaken impression that he could serve his MSR term in this case while serving his prison sentence in the unrelated case.  He contends that, had he known that he would have to serve the four-year MSR term after completing the six-year sentence, he would not have accepted the plea agreement and would have insisted on a jury trial.

¶ 11    The Post-Conviction Hearing Act (725 ILCS 5/122-1 *et seq.* (West 2018)) permits a defendant to challenge his conviction for violations of his federal or state constitutional rights. *People v. Whitfield*, 217 Ill. 2d 177, 183 (2005).  At the first stage of proceedings, the trial court must independently review the petition within 90 days of its filing and decide whether "the petition is frivolous or is patently without merit."  725 ILCS 5/122-2.1(a)(2) (West 2018).  To survive this review, a petition need set forth only the gist of a constitutional claim. *People v. Edwards*, 197 Ill. 2d 239, 244 (2001).  The petition " 'need only present a limited amount of detail.' " *Id.* (quoting *People v. Gaultney*, 174 Ill. 2d 410, 418 (1996)).

¶ 12    To prevail on a claim of ineffective assistance of counsel, a defendant must establish that (1) counsel's performance was objectively unreasonable and (2) the defendant was prejudiced thereby. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *People v. Tucek*, 2019 IL App (2d) 160788, ¶ 14.  In the guilty-plea context, a defendant must raise the gist of a meritorious allegation that it is reasonably probable that, absent counsel's error, defendant would not have pleaded guilty but would have insisted on going to trial. *Id.*, ¶ 17. This requires more than " '[a]

- 3 -

conclusory allegation' " to that effect. *Id.* (quoting *People v. Valdez*, 2016 IL 119860, ¶ 29). Rather, the petition must plead facts to show that the decision to reject the plea bargain would have been rational under the circumstances. *Id.* While a defendant need not articulate a claim of innocence or a plausible defense, he must raise more than a bare allegation that, absent counsel's errors, he would have rejected the plea offer and proceeded to trial. *Id.* ¶ 18. The potential penalties and the probability of an acquittal (which contemplates the existence of a plausible defense) are among the relevant circumstances. *Id.*

¶ 13    Here, the petition contained no more than a conclusory allegation that, but for counsel's allegedly faulty advice, defendant would have rejected the plea offer and insisted on a jury trial. Essentially, defendant pleaded guilty in exchange for time served. In practical terms, the only benefit of an acquittal, which was by no means a certainty, was the avoidance of the additional MSR period. Defendant does not articulate a plausible defense he could have raised at trial. Nor does he allege that he contemporaneously informed either his attorney or the court that the MSR issue was of singular importance to him. As the plea agreement required defendant to serve no additional prison time, it would, without additional facts, appear irrational to risk more prison time solely to avoid additional time on MSR. Defendant alleges no facts to show that, due to unusual circumstances, the issue was particularly important to him.

¶ 14    In *Tucek*, the defendant pleaded guilty to criminal sexual assault (720 ILCS 5/11-1.20(a)(3) (West 2012)) and, by agreement, was sentenced to eight years' imprisonment. He was informed that, after his release, he would have to serve an MSR term of three years to life. *Tucek*, 2016 IL App (2d) 160788, ¶ 5. The defendant filed a postconviction petition alleging that he later learned that, if he could not obtain suitable housing upon his release, he would have to serve his MSR in

prison, which would effectively result in a life sentence. He alleged that, had he known this, " 'he would not have pleaded guilty and would have proceeded to trial.' " *Id.* ¶ 10.

¶ 15    We affirmed the trial court's dismissal of the petition, as the defendant cited no specific facts to show that a decision to reject the plea offer and proceed to trial would have been rational. We noted that losing at trial would have subjected the defendant to a potentially much longer sentence, following which he would have been subject to the same MSR conditions anyway. Moreover, the defendant did not articulate a plausible defense other than attacking the complainant's credibility. Thus, the defendant had little to gain and much to lose by going to trial. He alleged no additional facts to show that, due to unique circumstances, such a decision made sense.

¶ 16    By contrast, in *People v. Hoare*, 2018 IL App (2d) 160727, the defendant pleaded guilty to a drug offense and was sentenced to first-offender probation. Under that program, if the defendant successfully completed probation, the charges would be dismissed and the disposition would not be considered a conviction under state law. *Id.* ¶ 2 (citing 720 ILCS 570/410 (West 2012)). Trial counsel advised the defendant, a citizen of Belize, that his probation "could result in adverse consequences for his immigration status," but did not tell him that the plea and resulting probation would inevitably lead to deportation. *Id.* ¶ 10.

¶ 17    When the defendant was deported, he filed a postconviction petition. He alleged that he would rather have gone to trial than face certain deportation. He had been married to a United States citizen and had a 5-year-old daughter and 13-year-old stepdaughter who were United States citizens. Both the defendant and his wife were employed in the United States and had no intention of living elsewhere. The defendant "would have done everything he could have to keep his family together in this country." *Id.* ¶ 12.

¶ 18    We reversed the petition's dismissal. We held that the petition did not articulate a plausible defense to the charges, but given the defendant's strong ties to this country, it could have been rational to pursue even a small chance of acquittal rather than face certain deportation. *Id.* ¶¶ 47-48.

¶ 19    *Hoare* followed *Lee v. United States*, 582 U.S. ___, 137 S. Ct. 1958 (2017).  There, the defendant pleaded guilty to drug charges.  His attorney had advised him that he would not be deported.   When he learned that he was subject to mandatory deportation, he instituted postconviction proceedings.  He alleged that deportation was the determinative issue in deciding whether to go to trial.  Although the defendant had been born in South Korea, he had lived in the United States for 25 years and had built successful businesses.  The Court concluded that, under the "unusual circumstances" of the case, it would not have been irrational for the defendant to choose even a remote chance of avoiding deportation by being acquitted at trial.  *Id.* at ___, 137 S. Ct. at 1967-68.  The Court cautioned, however, that a court "should not upset a plea solely because of *post hoc* assertions from a defendant about how he would have pleaded but for his attorney's deficiencies." *Id.* at 1967.

¶ 20    Here, as in *Tucek*, but unlike in *Hoare* and *Lee*, defendant alleges no additional facts to show that risking more prison time to avoid a longer MSR term would have been a rational decision for him.  In his reply brief, he argues that *Tucek* is distinguishable because additional prison time was merely a possibility while the additional MSR time is statutorily mandated.  The distinction is not dispositive because the viability of the petition turns on defendant's decision-making process, not on the actual outcome.  In *Hoare*, deportation was certain, indeed it had already happened, yet the defendant was required to allege specific facts showing that it would have been rational to choose a trial rather than the plea agreement, which he did.

¶ 21    Because defendant did not allege facts showing that it would have been rational to reject the plea offer and risk a trial, he failed to show that he was prejudiced by the allegedly faulty advice, and the trial court properly dismissed the petition.

¶ 22                                    III. CONCLUSION

¶ 23    For the reasons stated, we affirm the judgment of the circuit court of Kane County.

¶ 24    Affirmed.