FOURTH DIVISION
Filed: May 18, 2006

No. 1-04-2342

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT
_____

_____

| | |
|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) Appeal from the |
| | ) Circuit Court of |
| Plaintiff-Appellee, | ) Cook County. |
| | ) |
| v. | ) No. 00 CR 24480 |
| | ) |
| JAMES PORM, | ) Honorable |
| | ) Colleen McSweeney-Moore, |
| Defendant-Appellant. | ) Judge Presiding. |

_____
_____

MODIFIED UPON REHEARING

JUSTICE MURPHY delivered the opinion of the court:

Defendant James Porm appeals a circuit court order granting the State's motion

to dismiss his post-conviction petition under the Post-Conviction Hearing Act (725 ILCS

5/122-1 *et seq.* (West 2004)).  On appeal, defendant contends that his due process

rights were violated where, at the time of his guilty plea hearing in 2001, he was not

admonished that a three-year period of mandatory supervised release (MSR) would be

added to his 10-year sentence under section 5-8-1(d)(1) of the Unified Code of

Corrections (the Code) (730 ILCS 5/5-8-1(d)(1) (West 2000)).  For the following

reasons, we affirm.

1-04-2342

In May 2001, defendant pled guilty to attempted aggravated robbery in exchange for a 10-year Class X prison term based on his criminal history. It is undisputed that, at the plea hearing, the trial court failed to admonish defendant that he would be required to serve a three-year term of MSR in addition to his 10-year prison term. Defendant did not file any post-judgment motions or directly appeal his conviction or sentence.

In April 2004, defendant filed an amended *pro se* post-conviction petition alleging that the trial court failed to advise him that he would receive a term of mandatory supervised release upon completion of his sentence.[1] Defendant obtained counsel, who then filed a supplemental petition re-alleging that claim. Defendant attached an affidavit to his petition specifically stating that he did not wish to withdraw or invalidate his plea. Instead, defendant requested that the MSR term be stricken from his sentence.

The State filed a motion to dismiss the petition on the grounds that defendant had not moved to withdraw his guilty plea and that he failed to make a substantial showing of a constitutional violation. Following a hearing, the trial court granted the State's motion to dismiss on the basis that defendant never filed a motion to withdraw his plea.

---

[1] Defendant's initial *pro se* post-conviction petition was summarily dismissed in November 2001. However, on appeal, the State confessed error that the petition was dismissed 92 days after it had been filed and this court reinstated the matter. People v. Porm, No. 1-02-0730 (2003) (dispositional order).

1-04-2342

Defendant completed his sentence and was released from custody in March 2005.

ANALYSIS

On appeal, defendant contends that his constitutional rights were violated because he agreed to plead guilty in exchange for a 10-year sentence, but, as a result of the three-year period of MSR, he was given a more onerous sentence. Defendant does not challenge his 10-year sentence, nor does he seek to vacate or withdraw his guilty plea. Instead, defendant requests that the MSR be stricken from his sentence.

We review *de novo* the dismissal of a post-conviction petition at the second stage. People v. Whitfield, 217 Ill. 2d 177, 182-83 (2005). This exact issue was addressed in Whitfield, and it is controlling here. In Whitfield, the defendant had entered a negotiated guilty plea in exchange for concurrent 25-year and 6-year prison terms. The trial court, however, failed to admonish the defendant that, upon completion of his sentence, he would be subject to an additional three-year period of MSR under section 5-8-1(d)(1) of the Code (730 ILCS 5/5-8-1(d)(1) (West 2000)). Whitfield, 217 Ill. 2d at 180. As in the present case, the defendant did not file any post-judgment motions or directly appeal his conviction and he was denied post-conviction relief at the second stage of proceedings. Whitfield, 217 Ill. 2d at 180. Also like this case, the defendant did not request that his plea be withdrawn, instead he sought to enforce the bargained terms of his plea agreement by reducing his sentence from 25 years' imprisonment with the added 3 years' MSR to 22 years' imprisonment with the added 3 years' MSR. Whitfield, 217 Ill. 2d at 181.

The supreme court held that the defendant established a substantial violation of

his constitutional rights because he pled guilty in exchange for a specific sentence and the addition of the MSR resulted in a sentence "more onerous than the one defendant agreed to at the time of the plea hearing." Whitfield, 217 Ill. 2d at 195. The court stated that it had little doubt that neither the prosecutor nor the trial court intended to impose a sentence without the statutorily mandated MSR term as "the State has no right to offer the withholding of such a period as a part of the plea negotiations and *** the court has no power to withhold such period in imposing sentence." Whitfield, 217 Ill. 2d at 200-01, quoting, People v. Brown, 296 Ill. App. 3d 1041, 1043 (1998). In any event, the court determined that the addition of the MSR constituted an unfair breach of the plea agreement. Whitfield, 217 Ill. 2d at 201.

Like the defendant in Whitfield, defendant's constitutional right to due process was violated in this case because it is undisputed that defendant was not admonished that a mandatory three-year term of MSR would be added to his 10 years' imprisonment. Thus, defendant has received a more onerous sentence than that to which he ultimately pled guilty.

Remedy

Having found that defendant has established a deprivation of his constitutional rights, we must determine the appropriate remedy. In Whitfield, the supreme court held that in cases where a defendant does not receive the "benefit of the bargain," there are two possible remedies: (1) the promise must be fulfilled; or (2) the defendant must be given an opportunity to withdraw his plea. Whitfield, 217 Ill. 2d at 202, citing Santobello v. New York, 404 U.S. 257, 262-63, 30 L. Ed.2d 427, 433, 92 S. Ct. 495, 499 (1971); see also Lane v. Williams, 455 U.S. 624, 630, 71 L. Ed.2d 508, 514, 102 S. Ct. 1322,

1-04-2342

1326 (1982) (holding that where defendants received incomplete advice regarding the addition of a mandatory parole term to their negotiated sentences, defendants could either plead anew or seek relief in the nature of specific enforcement of the plea agreement as they understood it).

In Whitfield, the defendant conceded and the supreme court recognized that because section 5-8-1(d)(1) of the Code requires that "every sentence shall include as though written therein a term in addition to the term of imprisonment," the promise which induced the defendant's plea was "unfulfillable under state law." Whitfield, 217 Ill. 2d at 202-03. Therefore, the sentence, as promised, could not be legally enforced. Following a review of decisions by courts in other jurisdictions, the court determined that the appropriate, equitable, remedy was to modify the defendant's sentence to 22 years' imprisonment to be followed by 3 years' MSR. Whitfield, 217 Ill. 2d at 203-05.

Accordingly, defendant, relying on Whitfield, requests this court to strike the three-year MSR term from his sentence. Defendant argues that as he has completed his 10 year sentence, the only equitable solution is for this court to strike his MSR sentence. Alternatively, defendant argues that, if this court finds it does not have authority to strike the MSR, it should calculate the date on which he would have been released from prison had he been credited for the undisclosed MSR term and credit the resulting excess time he spent in prison against his MSR term.

The State counters that defendant's claim is moot as he has already completed his prison sentence and, under Whitfield, this court has no authority to now strike his MSR sentence. The State notes that the defendant in Whitfield had yet to be discharged from prison and the remedy in that case was available to the supreme court.

- 5 -

Again, the Whitfield court explicitly recognized that MSR terms are statutorily required and the court has no authority to withhold such a period in a sentence. Whitfield, 217 Ill. 2d at 200-01.

Based on the holdings in Whitfield, the State argues that the decision in People v. Russell, 345 Ill. App. 3d 16 (1st Dist. 2003), remains controlling. In Russell, the court explained that under the plain language of section 5-8-1(d)(1) of the Code, a defendant's sentence must be accompanied by a period of MSR and "courts do not have authority to strike the mandatory supervised release term imposed under this statute." Russell, 345 Ill. App. 3d at 22, citing People v. Brown, 296 Ill. App. 3d 1041, 1043 (1998); see also 730 ILCS 5/5-8-1(d)(1) (West 2000). Therefore, the court in Russell held that the only available remedy to a defendant who was not admonished that a MSR automatically attaches to his sentence was to permit the defendant to withdraw his guilty plea and vacate his sentence. Russell, 345 Ill. App. 3d at 22.

Based on Whitfield and Russell, this court cannot grant defendant the relief he requests. In the present case, defendant argues that because he completed his term of imprisonment, "a vacation of [his] plea is not warranted here" and he asserts that he is "unlikely to withdraw his plea." Thus, the only relief he requests is that we strike the MSR term from his sentence. Whitfield and Russell make clear that we do not have the authority to comply with defendant's request.

Whitfield also makes clear that the law is settled that the only remedies available in this type of situation are to fulfill the promise bargained or to give the defendant the opportunity to withdraw his plea. Defendant's sentence has been discharged, therefore we cannot grant an equitable solution as our supreme court did in Whitfield, as we only

have authority to modify a sentence, not strike the MSR. At this date, there is no sentence remaining to modify as it has been discharged, only the MSR period remains. As argued, defendant's claim is moot.

Defendant has represented both in his post-conviction petition and again on appeal, that he does not want to take advantage of the only remedy available to him, withdrawal of his guilty plea. Under these circumstances, a remand would be futile, he is without any other appropriate or available post-conviction relief, and we affirm the dismissal of his post-conviction petition.

For all of the foregoing reasons, we affirm the judgment of the circuit court.

Affirmed.

Quinn, P.J. and Campbell, J., concur