# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *Oliver v. Pierce*, 2012 IL App (4th) 110005

---

| | |
|---|---|
| Appellate Court Caption | WINFRED OLIVER, Plaintiff-Appellant, v. GUY PIERCE, Warden, Pontiac Correctional Center; DONALD J. GISH, Chairperson of the Adjustment Committee; SHERRY BENTON, Administrative Review Board; JEFFREY GABOR, Internal Affairs; P. HASTINGS, Grievance Officer; and MICHAEL P. RANDLE. Director, The Department of Corrections, Defendants-Appellees. |
| District & No. | Fourth District<br>Docket No. 4-11-0005 |
| Filed | January 10, 2012 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The trial court erred in dismissing plaintiff's petition for a writ of *certiorari* to review the administrative finding that he committed disciplinary offenses while in prison pursuant to section 2-615 of the Code of Civil Procedure, since the brief filed by defendants addressed the merits of plaintiff's argument that no evidence could have supported the finding that he committed the offenses, but those considerations were outside the scope of a section 2-615 motion, which requires the court to accept as true all well-pleaded facts in the complaint and all reasonable inferences therefrom. |
| Decision Under Review | Appeal from the Circuit Court of Sangamon County, No. 10-MR-380; the Hon. John Schmidt, Judge, presiding. |
| Judgment | Reversed and remanded. |

Counsel on
Appeal

Winfred Oliver, of Pontiac, appellant *pro se*.

Lisa Madigan, Attorney General, of Chicago (Michael A. Scodro, Solicitor General, and Eric Truett, Assistant Attorney General, of counsel), for appellees.

Panel

JUSTICE COOK delivered the judgment of the court, with opinion.

Presiding Justice Turner and Justice Knecht concurred in the judgment and opinion.

**OPINION**


¶ 1      In June 2010, plaintiff, Winfred Oliver, an inmate at Pontiac Correctional Center, filed a petition for a writ of *certiorari* in the circuit court, alleging defendants, prison officers and employees, deprived Oliver of due process in connection with prison disciplinary proceedings against him. In November 2010, the court dismissed Oliver's petition with prejudice. Oliver appeals, arguing dismissal was improper. We agree and reverse.


¶ 2      I. BACKGROUND

¶ 3      According to Illinois Department of Corrections (DOC) prison inmate search results, Oliver is currently in Pontiac, serving a 50-year sentence on his conviction for predatory criminal sexual assault. He is projected to be released from prison on January 2, 2050.

¶ 4      In December 2009, defendant Jeffrey Gabor, a DOC investigator, received a letter from Website Request, a company that provides Internet access to prison inmates, informing Gabor that Oliver had attempted to obtain photographs of preteen children from Website Request. Oliver had asked that Website Request send him four color prints of children as a test to see if they would evade Pontiac's mail-screening system. Oliver had included with his request a payment of $3.40. Following the allegations, Oliver was confined in segregation. When confronted with Gabor's information, Oliver admitted he had written the letter requesting the photographs.

¶ 5      In January 2010, Gabor prepared a disciplinary report alleging Oliver had violated disciplinary offense Nos. 501 (violating state or federal laws) and 601 (aiding and abetting, attempt, solicitation, or conspiracy to violate any disciplinary rule). 20 Ill. Adm. Code 504 app. A (2011). The disciplinary report specified that the law Oliver was alleged to have violated was child photography by a sex offender (720 ILCS 5/11-24(c)(3) (West 2008)), which makes it unlawful for a child sex offender to knowingly "photograph *** a child, or instruct or direct another person to photograph *** a child without the consent of the parent

-2-

or guardian."

¶ 6    In February 2010, following a disciplinary hearing, the Adjustment Committee, a committee in charge of conducting disciplinary hearings on allegations of major offenses (see 20 Ill. Adm. Code 504.50(d)(3) (2011)), found that Oliver committed the disciplinary offense as reported and recommended the following disciplinary measures against him: (1) revocation of one year of good-time credits, (2) one year of "C-grade," (3) one year of segregation, and (4) one year of restricted commissary and audiovisual privileges. After receiving this finding against him, Oliver exhausted his disciplinary and administrative remedies, maintaining there was no evidence to support a finding that he had committed or solicited or attempted to commit the child photography offense underlying the disciplinary action.

¶ 7    In June 2010, Oliver filed his petition for a common law writ of *certiorari* in the circuit court. In September 2010, defendants moved to dismiss pursuant to section 2-615 of the Code of Civil Procedure (735 ILCS 5/2-615 (West 2008)). In November 2010, the court granted defendants' motion, dismissing Oliver's petition with prejudice.

¶ 8    This appeal followed.

¶ 9                                    II. ANALYSIS

¶ 10   On appeal, Oliver argues the trial court erred by dismissing his petition. We agree.

¶ 11   Dismissal of an action pursuant to section 2-615 is inappropriate where "the allegations of the complaint, when construed in the light most favorable to the plaintiff, are sufficient to establish a cause of action upon which relief may be granted." *Vitro v. Mihelcic*, 209 Ill. 2d 76, 81, 806 N.E.2d 632, 634 (2004). In ruling on a section 2-615 motion to dismiss, "a court must accept as true all well-pleaded facts in the complaint and all reasonable inferences therefrom." *Id.* The court must consider "[a]ll facts apparent from the face of the pleadings, including the exhibits attached thereto." *Green v. Rogers*, 234 Ill. 2d 478, 491, 917 N.E.2d 450, 459 (2009). The court may also consider matters of which it can take judicial notice and judicial admissions in the record. *Pooh-Bah Enterprises, Inc. v. County of Cook*, 232 Ill. 2d 463, 473, 905 N.E.2d 781, 789 (2009).

¶ 12   "A common law writ of *certiorari* is a general method for obtaining circuit court review of administrative actions when the act conferring power on the agency does not expressly adopt the Administrative Review Law [(735 ILCS 5/3-101 through 3-113 (West 2008))] and provides for no other form of review." *Hanrahan v. Williams*, 174 Ill. 2d 268, 272, 673 N.E.2d 251, 253 (1996). The standards of review in such an action "are essentially the same as those under the Administrative Review Law." *Id.* at 272, 673 N.E.2d at 253-54. Particularly, "courts generally do not interfere with an agency's discretionary authority unless the exercise of that discretion is arbitrary and capricious [citation] or the agency action is against the manifest weight of the evidence [citation]." *Id.* at 272-73, 673 N.E.2d at 254. As the statutes regarding prison disciplinary procedures (see 730 ILCS 5/3-8-7 through 3-8-10 (West 2008)) neither adopt the Administrative Review Law nor provide another method of judicial review of disciplinary procedures, *certiorari* review of prison discipline in the circuit court is appropriate. *Alicea v. Snyder*, 321 Ill. App. 3d 248, 253, 748 N.E.2d 285, 290 (2001).

¶ 13    In *Wolff v. McDonnell*, 418 U.S. 539, 558 (1974), the Supreme Court held that due process protects a prison inmate from revocation of good-time credit unless the disciplinary proceedings comported with the state laws governing prison discipline. The Court stated, "Since prisoners in Nebraska can only lose good-time credits if they are guilty of serious misconduct, the determination of whether such behavior has occurred becomes critical, and the minimum requirements of procedural due process appropriate for the circumstances must be observed." *Id.*

¶ 14    Like the state legislature in *Wolff*, our General Assembly has set forth the procedures required when DOC seeks to impose disciplinary segregation against an inmate or revoke his good-time credit or eligibility to earn good-time credit. 730 ILCS 5/3-8-7 (West 2008). Proceedings before the Adjustment Committee specifically are governed by section 504.80 of title 20 of the Administrative Code (20 Ill. Adm. Code 504.80 (2011)). Under these rules, the Adjustment Committee determines guilt or innocence of an inmate charged with violating a disciplinary offense "based upon all relevant information and evidence." 20 Ill. Adm. Code 504.80(j) (2011). "The Committee must be reasonably satisfied there is some evidence that the offender committed the offense for the individual to be found guilty." 20 Ill. Adm. Code 504.80(j)(1) (2011). Even allowing for due deference to prison officials in "operating the prison disciplinary system" (*Thompson v. Lane*, 194 Ill. App. 3d 855, 861, 551 N.E.2d 731, 735 (1990)), these rules establish a standard against which a court may evaluate prison disciplinary actions in the context of *certiorari* proceedings.

¶ 15    In this case, Oliver's petition for writ of *certiorari* alleges that no evidence could have supported the Adjustment Committee's finding that he committed disciplinary offense Nos. 501 and 601 by committing or attempting or soliciting to commit the offense specified in his disciplinary report. According to Oliver, his actions at most constituted an attempt to *possess* photographs of children whereas the offense charged requires a sex offender to produce or direct the production of photographs of children. Accepting Oliver's allegations as true, Oliver would be entitled to reversal of the Adjustment Committee's determination of guilt and its imposition of sanctions against him.

¶ 16    Defendants' brief addresses *the merits* of Oliver's argument. They contend Oliver's actions, when considered in light of courts' deference to prison officials, fell within the range of behavior condemned by the child photography offense and the disciplinary rules. However, even if correct, these considerations are outside the scope of a section 2-615 motion to dismiss. They may be better addressed in summary judgment proceedings or at a hearing on the merits of Oliver's petition.

¶ 17                                    III. CONCLUSION

¶ 18    For the foregoing reasons, we reverse the trial court's judgment and remand for further proceedings.

¶ 19    Reversed and remanded.

-4-