# Illinois Official Reports

## Appellate Court

---

### *Sharp v. Baldwin*, 2020 IL App (2d) 181004

---

| | |
|---|---|
| Appellate Court Caption | BRUCE SHARP, Plaintiff-Appellant, v. JOHN BALDWIN, in His Official Capacity as Director of Corrections, Defendant-Appellee. |
| District & No. | Second District<br>No. 2-18-1004 |
| Filed | April 28, 2020 |
| Decision Under Review | Appeal from the Circuit Court of Lee County, No. 18-MR-48; the Hon. Daniel A. Fish, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Joel A. Flaxman and Kenneth N. Flaxman, both of Chicago, for appellant.<br><br>Kwame Raoul, Attorney General, of Chicago (Jane Elinor Notz, Solicitor General, and Benjamin F. Jacobson, Assistant Attorney General, of counsel), for appellee. |
| Panel | JUSTICE McLAREN delivered the judgment of the court, with opinion.<br>Justices Hutchinson and Zenoff concurred in the judgment and opinion. |

**OPINION**

¶ 1        Plaintiff, Bruce Sharp, appeals from the trial court's order dismissing with prejudice his complaint for *mandamus*, pursuant to section 2-615 of the Code of Civil Procedure (Code) (735 ILCS 5/2-615 (West 2018)). We affirm.

## I. BACKGROUND

¶ 2

¶ 3        Plaintiff is in the custody of the Illinois Department of Corrections (IDOC), serving a sentence of 30 to 125 years for the 1970 murder of a Chicago police officer. According to plaintiff, his "outdate" for release is January 24, 2022.

¶ 4        In May 2018, plaintiff filed a complaint for *mandamus*, pursuant to section 14-101 of the Code (*id.* § 14-101). In his complaint, plaintiff alleged that, effective January 1, 2018, the legislature had amended section 3-6-3(a)(4) of the Unified Code of Corrections (Unified Code) (730 ILCS 5/3-6-3(a)(4) (West 2018)) such that he was now entitled to sentence credit, that previously was not available to him, for completion of various programs while in IDOC custody. According to plaintiff, with these sentence credits, he was eligible for immediate release from custody.

¶ 5        Plaintiff further alleged that defendant, John Baldwin, as director of IDOC, was responsible for prescribing rules and regulations and awarding sentence credits to persons in IDOC custody. Plaintiff alleged that defendant had refused to perform the ministerial duty of informing his staff that plaintiff was entitled to the service credits. Therefore, plaintiff sought an order of *mandamus* compelling defendant to (1) award plaintiff "no less than 12 years sentencing credit earned over the last 47 1/2 years of incarceration, and to release Plaintiff immediately" and (2) "Credit Plaintiff toward parole of MSR [*sic*] for every day past 1/1/18, compensate Plaintiff for everyday [*sic*] served under false imprisonment."

¶ 6        Defendant filed a motion to dismiss pursuant to section 2-615 of the Code (735 ILCS 5/2-615 (West 2018)), arguing that, pursuant to section 3-6-3(a)(2)(i) of the Unified Code (*id.* § 3-6-3(a)(2)(i)), plaintiff was ineligible for any service credit, as he was serving a sentence for first degree murder. After supplemental briefing and argument, the trial court granted the motion to dismiss, finding that, pursuant to section 3-6-3(a)(2)(i), plaintiff was precluded from receiving the credit. This appeal followed.

## II. ANALYSIS

¶ 7

¶ 8        Plaintiff now contends that the trial court erred in granting defendant's motion to dismiss. Because Illinois is a fact-pleading jurisdiction, a plaintiff must set forth a legally recognized claim and plead facts in support of each element that bring the claim within the cause of action alleged. *Rodriguez v. Illinois Prisoner Review Board*, 376 Ill. App. 3d 429, 434 (2007). To survive a motion to dismiss for failure to state a cause of action, a complaint must be both legally and factually sufficient. *Id.* Dismissal pursuant to section 2-615 is inappropriate where the allegations of the complaint, construed in the light most favorable to the plaintiff, are sufficient to establish a cause of action upon which relief may be granted. *Oliver v. Pierce*, 2012 IL App (4th) 110005, ¶ 11. In ruling on such a motion to dismiss, a court must accept as true all well-pleaded facts in the complaint and all reasonable inferences therefrom. *Id.* We

review a section 2-615 dismissal *de novo. Reynolds v. Jimmy John's Enterprises, LLC*, 2013 IL App (4th) 120139, ¶ 25.

¶ 9 "*Mandamus* is an extraordinary remedy used to compel a public official to perform a purely ministerial duty where no exercise of discretion is involved." *People ex rel. Alvarez v. Skryd*, 241 Ill. 2d 34, 38 (2011). A writ of *mandamus* will issue only if the petitioner establishes (1) a clear right to the relief requested, (2) a clear duty of the public official to act, and (3) clear authority in the public official to comply with the writ. *Id.* at 39.

¶ 10 IDOC has operated under various versions of the Unified Code during plaintiff's incarceration. These versions contained different formulas by which to calculate credits for inmates to advance parole eligibility or the date beyond which an inmate may no longer be incarcerated. In 1973, section 3-6-3 of the Unified Code barred inmates who were convicted of, among other things, first degree murder from earning sentence credit for participating in various IDOC educational programs. See Ill. Rev. Stat. 1973, ch. 38, § 1003-6-3. This prohibition continued until January 1, 2018, when the General Assembly deleted the prohibition in Public Act 99-938, § 10 (eff. Jan. 1, 2018). Compare 730 ILCS 5/3-6-3(a)(4) (West 2018) with 730 ILCS 5/3-6-3(a)(4) (West 2016). Further, in Public Act 100-3, § 35 (eff. Jan. 1, 2018), the legislature added subparagraph 4.7 to section 3-6-3(a) of the Unified Code, which stated in relevant part:

"On or after the effective date of this amendatory Act of the 100th General Assembly, sentence credit under paragraph (3), (4), or (4.1) of this subsection (a) may be awarded to a prisoner who is serving a sentence for an offense described in paragraph (2) [(which includes first degree murder)] *** *for credit earned on or after the effective date of this amendatory Act*[.]" (Emphasis added.) 730 ILCS 5/3-6-3(a)(4.7) (West 2018).

¶ 11 In construing a statute, our primary objective is to ascertain and give effect to the intent of the legislature, and the plain language of a statute is the most reliable indication of legislative intent. *JPMorgan Chase Bank, N.A. v. Earth Foods, Inc.*, 238 Ill. 2d 455, 461 (2010). Where the language of the statute is clear, we must apply it as written without resort to aids or tools of interpretation. *Id.* We should read the statute as a whole and construe it so that no term is rendered superfluous or meaningless. *Id.* We will not depart from a statute's plain language by reading into the statute exceptions, limitations, or conditions that conflict with the legislative intent. *Id.*

¶ 12 Plaintiff argues that, pursuant to section 3-6-3(a)(4) of the Unified Code, he is entitled to credit for educational programs that he allegedly completed prior to January 1, 2018. We disagree. The plain language of Public Act 100-3 requires sentence credit for program participation for persons, like plaintiff, who were convicted of first degree murder "for credit earned on or after the effective date of this amendatory Act." Pub. Act 100-3, § 35 (eff. Jan. 1, 2018) (adding 730 ILCS 5/3-6-3(a)(4.7)). Plaintiff is seeking to force defendant to grant him credit for program participation that occurred prior to the effective date of the amendatory act. Such relief is outside the clear statutory mandate; therefore, plaintiff has failed to establish "a clear right to the relief requested, a clear duty of the public official to act, and clear authority in the public official to comply with the writ." *Alvarez*, 241 Ill. 2d at 39. Thus, construing the allegations of the complaint in the light most favorable to plaintiff, we find that the allegations were insufficient to establish a cause of action upon which relief may be granted. Therefore, dismissal pursuant to section 2-615 of the Code was appropriate.

¶ 13      We granted defendant's motion to cite supplemental authority, which informed this court that the legislature further amended section 3-6-3 of the Unified Code in section 5 of Public Act 101-440 (eff. Jan. 1, 2020), which states in relevant part:

> "(B) The Department shall award sentence credit under this paragraph (4) accumulated prior to the effective date of this amendatory Act of the 101st General Assembly in an amount specified in subparagraph (C) of this paragraph (4) to an inmate serving a sentence for an offense committed prior to June 19, 1998, if the Department determines that the inmate is entitled to this sentence credit ***.

> * * *

> (C) If the inmate can provide documentation that he or she is entitled to sentence credit under subparagraph (B) in excess of 45 days of participation in those programs, the inmate shall receive 90 days of sentence credit. If the inmate cannot provide documentation of more than 45 days of participation in those programs, the inmate shall receive 45 days of sentence credit. In the event of a disagreement between the Department and the inmate as to the amount of credit accumulated under subparagraph (B), if the Department provides documented proof of a lesser amount of days of participation in those programs, that proof shall control. If the Department provides no documentary proof, the inmate's proof as set forth in clause (ii) of subparagraph (B) shall control as to the amount of sentence credit provided." Pub. Act 101-440, § 5 (eff. Jan. 1, 2020) (adding 730 ILCS 5/3-6-3(a)(4)(B), (C)).

Defendant states in his motion that, "in January 2020, [plaintiff] can apply for up to 90 days of sentence credit under the new amendment."

¶ 14      However, plaintiff did not allege the application of this amendment or seek to compel this specific relief in his complaint for *mandamus*. As a general rule, Illinois courts do not render advisory opinions. *In re Alfred H.H.*, 233 Ill. 2d 345, 351 (2009). The future application of the amendment is not before this court, and we will not address it.

¶ 15      We also note that, in his reply brief, plaintiff sought the additional relief of compelling defendant "to promulgate the regulations required by [730 ILCS 5/3-6-3(a)(4) (West 2018)]" and of making "plain that the new regulations must include retroactive application of sentence credit for program participation." This request for additional relief fails for two reasons. First, plaintiff did not request this relief in his initial brief. Points not argued in an appellant's initial brief "are forfeited and shall not be raised in the reply brief." Ill. S. Ct. R. 341(h)(7) (eff. May 25, 2018); see also *In re Marriage of Kasprzyk*, 2019 IL App (4th) 170838, ¶ 40. Second, it seeks the promulgation of rules that would grant retroactive relief that, as we have shown, Public Act 100-3 does not authorize for plaintiff.

¶ 16                             III. CONCLUSION

¶ 17      For these reasons, the judgment of the circuit court of Lee County is affirmed.

¶ 18      Affirmed.