NOTICE

Decision filed 06/10/24. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2024 IL App (5th) 230435-U

NO. 5-23-0435

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Clinton County. |
| | ) | |
| v. | ) | No. 20-CF-157 |
| | ) | |
| MONTEZ D. JACKSON JR., | ) | Honorable |
| | ) | Christopher W. Matoush, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

PRESIDING JUSTICE VAUGHAN delivered the judgment of the court.
Justices Boie and Sholar concurred in the judgment.

**ORDER**

¶ 1    *Held*: The circuit court properly denied defendant's motion to reconsider the sentence where he had a lengthy criminal history, was on probation for one offense, and on bond for another when he committed the present offense. Further, defendant cannot challenge the restitution order where he volunteered to pay restitution in a specified amount. Finally, plea counsel complied with the certificate requirement of Illinois Supreme Court Rule 604(d).

¶ 2    Defendant, Montez D. Jackson Jr., appeals the circuit court's order denying his motion to reconsider sentence. His appointed appellate counsel, the Office of the State Appellate Defender (OSAD), moved to withdraw, concluding that no nonfrivolous argument could be raised claiming the circuit court erred. See *Anders v. California*, 386 U.S. 738 (1967). OSAD notified defendant of the motion, and this court has provided him with ample opportunity to respond. However, no response was filed. After considering the record on appeal, OSAD's motion, and supporting

1

memorandum, we agree this appeal presents no issue of arguable merit. Accordingly, we grant OSAD leave to withdraw and affirm the circuit court's judgment.

¶ 3                                    I. BACKGROUND

¶ 4     On October 19, 2020, defendant was charged, by information, with aggravated fleeing or eluding a peace officer in violation of section 11-204.1(a)(1) of the Illinois Vehicle Code (625 ILCS 5/11-204.1(a)(1) (West 2018)). On August 22, 2022, defendant executed a plea of guilty to the charge. At the hearing, the circuit court admonished defendant about the nature of the charge, the minimum and maximum sentences, and the rights he was giving up by pleading guilty. The court confirmed that defendant was not on any medication besides antibiotics, had had enough time to discuss the plea with his lawyer, and was satisfied with his lawyer's services.

¶ 5     The State's factual basis indicated that Clinton County Sheriff's Deputy Jordan Ledbetter would testify that he was patrolling Old U.S. Highway 50 when he clocked a tan Chevrolet Impala traveling 75 miles per hour in a 45-mile-per-hour zone. Ledbetter activated his lights and siren to conduct a traffic stop but the Impala did not pull over. He eventually caught up to it, clocking it at 103 miles per hour in a 55-mile-per-hour zone at one point. Upon encountering a roadblock and spike strips, the Impala turned in to a driveway and then backed out, striking the front bumper of Ledbetter's patrol car. The Impala then sped away. As it approached the intersection with U.S. Highway 51, it disregarded a stop sign and struck a median causing the driver to lose control and exit the east side of the roadway. It struck a metal fence before coming to a stop around a guidewire supporting a telephone pole. The sheriff's department obtained an estimate of $2132.97 to repair Ledbetter's car.

¶ 6     At sentencing on December 12, 2022, defendant offered to pay $2132.97 in restitution. Defense counsel, in requesting probation, argued that defendant's willingness to pay restitution

2

was a mitigating factor. The presentence investigation report (PSI) showed that defendant had a juvenile adjudication of aggravated battery. He also had an adult conviction of residential burglary in 2007 for which he was sentenced to probation which was revoked. He also had recent convictions for reckless discharge of a firearm and resisting a peace officer.

¶ 7 The court sentenced defendant to two years' imprisonment and ordered him to pay restitution. The court found that defendant's willingness to pay restitution was mitigating and that he had expressed sincere remorse and a desire to change his life. Nevertheless, the court noted that defendant's high-speed driving was dangerous although, fortunately, no one was actually hurt other than defendant. The court further found in aggravation that defendant had a significant criminal history, was on probation for reckless discharge of a firearm, and was on bond for resisting arrest when he committed the present offense. The court further noted that defendant's driver's license was suspended, so he should not have been driving at all. The trial court recommended, and defendant consented, to participate in the Illinois Department of Corrections Impact Incarceration Program. Under the terms of that program, and the trial court's order, defendant's two-year sentence would be reduced to time served upon completion of the program.

¶ 8 On January 9, 2023, defendant filed a *pro se* notice of appeal requesting withdrawal of his plea. A second amended *pro se* notice of appeal with the same request was filed on January 11, 2023. The trial court set the matter for a status hearing on February 3, 2023. On January 19, 2023, defendant filed a *pro se* motion. In that motion, defendant indicated that he did not want to withdraw his plea, and instead wanted the court to reduce his sentence. A second motion to reduce sentence was filed *pro se* on January 30, 2023. In explaining the basis of his request to reduce his sentence, defendant stated that he believed the impact program was shorter than it was and

3

expressed concern about losing his children due to an open DCFS case. At the hearing on February 3, 2023, defendant requested counsel and the public defender was appointed.

¶ 9 On May 9, 2023, counsel filed an amended motion to reconsider or reduce sentence, along with a certificate of compliance with Illinois Supreme Court Rule 604(d) (eff. July 1, 2017). The motion contended that certain portions of the PSI related to an order of protection issued against defendant should not have been included or considered. The motion further contended the probation officer who completed the PSI was biased and the trial court failed to properly consider mitigating factors. The motion proceeded to hearing on June 1, 2023. At the hearing, defendant confirmed that he was not requesting a withdrawal of his plea. Following argument, the trial court denied the motion. Defendant timely appealed.

¶ 10                                    II. ANALYSIS

¶ 11 OSAD concludes that the only issues it could conceivably raise are (1) whether the court abused its discretion in denying defendant's motion to reconsider sentence, (2) whether the restitution order was proper, and (3) whether counsel complied with Rule 604(d). OSAD concludes that these issues are frivolous.

¶ 12 OSAD first contends that there is no reasonably meritorious argument that the court erred in denying the motion to reconsider the sentence. It notes that defendant has been released on mandatory supervised release (MSR). Citing *In re Shelby R.*, 2012 IL App (4th) 110191, and *People v. Porm*, 365 Ill. App. 3d 791 (2006), counsel asserts that the issue is moot. However, both cases are distinguishable.

¶ 13 In *Porm*, the defendant pled guilty in exchange for a specific sentence but was not admonished that an MSR term would follow the prison term. *Porm*, 365 Ill. App. 3d at 791. On appeal, he argued that under *People v. Whitfield*, 217 Ill. 2d 177 (2005), the remedy was to shorten

4

the prison term by the length of the MSR term, thus giving him the sentence to which he agreed. *Porm*, 365 Ill. App. 3d at 794. However, because he had already completed his prison term, the only "equitable remedy" was to strike the MSR term from his sentence. *Id.* The court held that the issue was moot given that the court lacked the authority to alter the MSR term. *Id.* at 795. Moreover, *Shelby R.* was a juvenile delinquency adjudication that did not involve an MSR term at all. *Shelby R.*, 2012 IL App (4th) 110191, ¶ 34.

¶ 14 Here, defendant is not challenging the MSR term, but the prison sentence. Where a defendant on MSR challenges the length of a prison sentence, the issue is not moot because a successful challenge could affect how long he or she is reincarcerated following an MSR violation. *People v. Montalvo*, 2016 IL App (2d) 140905, ¶ 14 (citing *People v. Jackson*, 199 Ill. 2d 286, 294 (2002)). Thus, the issue is not moot.

¶ 15 Nevertheless, the circuit court properly denied the motion to reconsider because the sentence was not an abuse of discretion. "A reviewing court may not alter a defendant's sentence absent an abuse of discretion by the trial court." *People v. Alexander*, 239 Ill. 2d 205, 212 (2010). A sentence will be deemed an abuse of discretion if it is " 'greatly at variance with the spirit and purpose of the law, or manifestly disproportionate to the nature of the offense.' " *Id.* (quoting *People v. Stacey*, 193 Ill. 2d 203, 210 (2000)). "The trial court has broad discretionary powers in imposing a sentence, and its sentencing decisions are entitled to great deference." *Id.* This is so because " '[t]he trial judge has the opportunity to weigh such factors as the defendant's credibility, demeanor, general moral character, mentality, social environment, habits, and age. [Citations.] Consequently, the reviewing court must not substitute its judgment for that of the trial court merely because it would have weighed these factors differently.' " *Id.* at 213 (quoting *Stacey*, 193 Ill. 2d at 209).

¶ 16 Here, defendant pled guilty to aggravated fleeing and eluding a peace officer, which the parties agreed was a Class 4 extended-term eligible offense with a maximum sentencing range of one to six years' imprisonment. The circuit court found some mitigating factors. However, it also noted that defendant had a lengthy criminal history, was on probation for one offense, was on bond for another when he committed the present offense, and greatly endangered the deputy and the general public when he fled at a high rate of speed while driving with a suspended license. Nevertheless, the court sentenced defendant to two years' imprisonment, which was on the lower end of the extended-term sentence. We cannot say that the sentence was an abuse of discretion.

¶ 17 OSAD also concludes that there is no good-faith basis to contest the restitution order. Defendant agreed to pay restitution in a specified amount. Based on the prosecutor's statement, there was an evidentiary basis for an award in that amount. Under the doctrine of invited error, a defendant may not request to proceed in one manner and later contend on appeal that the course of action was in error. *People v. Harvey*, 211 Ill. 2d 368, 385 (2004). Thus, we agree that there is no good-faith argument against the restitution award.

¶ 18 Finally, OSAD suggests that there is no reasonably meritorious argument that defense counsel failed to comply with Rule 604(d). The rule provides that where a defendant moves to withdraw his plea or to reconsider the sentence following a guilty plea,

"The defendant's attorney shall file with the trial court a certificate stating that the attorney has consulted with the defendant either by phone, mail, electronic means or in person to ascertain defendant's contentions of error in the sentence and the entry of the plea of guilty, has examined the trial court file and both the report of proceedings of the plea of guilty and the report of proceedings in the sentencing hearing, and has made any amendments to the

6

motion necessary for adequate presentation of any defects in those proceedings." Ill. S. Ct. R. 604(d) (eff. July 1, 2017).

¶ 19    Here, defendant's attorney filed a certificate closely tracking the rule's language. Moreover, counsel did file an amended motion that, like defendant's *pro se* filings, sought sentencing relief without seeking to withdraw the plea. Thus, there is no meritorious argument that counsel failed to comply with the rule.

¶ 20                                    III. CONCLUSION

¶ 21    As this appeal presents no issue of arguable merit, we grant OSAD leave to withdraw and affirm the circuit court's judgment.


¶ 22    Motion granted; judgment affirmed.