2025 IL App (1st) 230725-U

No. 1-23-0725

THIRD DIVISION
April 30, 2025

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 07 CR 20348 |
| | ) | |
| RODERICK LOFTON, | ) | Honorable |
| | ) | Neera Lall Walsh, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE D.B. WALKER delivered the judgment of the court.
Justices Reyes and Martin concurred in the judgment.

**ORDER**

¶ 1    *Held*: Where defendant had served his prison sentence, his postconviction claims regarding the propriety of his amended MSR term were moot. The circuit court's dismissal of defendant's petition is affirmed.

¶ 2    Defendant Roderick Lofton appeals the second-stage dismissal of his postconviction petition. On appeal, he contends that the dismissal was improper where (1) the circuit court lacked jurisdiction to change defendant's mandatory supervised release (MSR) term from two years to an

indeterminate term of three years to life, (2) his petition made a substantial showing that he was deprived of his right to due process where he entered a fully negotiated plea agreement for an aggregate sentence of 12 years with a two-year MSR term, but later discovered he would have to serve an indeterminate MSR term of three years to life, and (3) he was denied effective assistance of counsel where his court-appointed counsel withdrew from his case and did not file anything on his behalf, nor did counsel file a certificate pursuant to Illinois Supreme Court Rule 651(c) (eff. July 1, 2017). For the following reasons, we affirm.

¶ 3                                    I. BACKGROUND

¶ 4     On October 3, 2007, defendant was charged with six counts of criminal sexual assault and three counts of aggravated criminal sexual abuse. The charges stemmed from incidents occurring between 2002 to 2005 that involved T.K., defendant's student at the grammar school where he taught.

¶ 5     On November 19, 2010, after negotiations between the parties, defendant pled guilty to two counts of criminal sexual assault. Prior to the trial court accepting defendant's plea, it informed him that he was pleading guilty to Class 1 felonies which were "punishable by 4 to 15 years" of imprisonment, with "mandatory supervised release commonly referred to as parole for two years."

¶ 6     After the State presented the factual basis for the plea, which was stipulated to by the parties, the trial court sentenced defendant pursuant to the plea agreement. Defendant received a sentence of six years for each count, to be served consecutively for a total of 12 years. The court informed defendant that he also "will be serving two years mandatory supervised release." Defendant did not file a motion to withdraw his plea, nor did he file an appeal.

¶ 7     On September 23, 2016, the parties appeared before the trial court. The court informed defendant that "an error was made" when he was sentenced on November 19, 2010. Instead of the

two-year MSR term stated in the sentencing order, it "should have been three years to life" per statute. The court stated that defendant's MSR term was "something that IDOC is going to make the determination as to what amount it's going to be. It's not something I can determine." Defense counsel responded that "we have discussed the issue of MSR and Mr. Lofton indicates that it does not change his posture in terms of the possibility [of] withdrawing his plea." Counsel informed the court that defendant "has been advised of the correct MSR. And that doesn't change his posture *** on his plea." The trial court explained to defendant that the "only thing that's changing" was the MSR term. Defendant answered, "Okay." The court entered an order *nunc pro tunc* to November 19, 2010, changing the MSR term from two years to three years to life. A new mittimus was issued indicating that defendant's MSR term was three years to life.

¶ 8      On October 7, 2019, defendant filed a *pro se* postconviction petition. Therein, he argued that he was not culpably negligent because he did not discover the improper MSR term until September 2016, and he then "immediately took steps to retain counsel." Defendant alleged that he would not have pled guilty if he had known he was subject to an MSR term of three years to life. Defendant also asserted that the trial judge gave him the opportunity to withdraw his plea, but he "chose on a couple occasions not to withdraw his plea." Defendant "at no time desired to change his plea, nor withdraw his plea" because he had already served nine years of his sentence. Defendant alleged that he was denied the benefit of his plea bargain in violation of his constitutional rights. He also alleged ineffective assistance of counsel. For relief, defendant requested that his sentence be modified "back to the original terms of [the] plea agreement," including the two-year MSR term.

¶ 9      The circuit court advanced the petition to the second stage and appointed counsel for defendant. In 2022, defendant hired private counsel. Counsel moved to withdraw shortly

thereafter. In his motion, counsel stated that he reviewed the transcripts and orders of the court, and "it became apparent *** that certain misrepresentation [*sic*] whether intentional or not, had been made." Counsel stated that he "is no longer able to act on behalf of Defendant." The circuit court granted counsel's motion to withdraw. Defendant, who was no longer incarcerated, proceeded *pro se*. The Illinois Department of Corrections website indicates that defendant's parole date was May 14, 2021.

¶ 10    Defendant filed a motion to correct the mittmus on December 6, 2022. He asserted that he was denied the benefit of his plea bargain, and he should have been given the right to elect which sentencing laws should apply. Defendant requested that the motion be considered an amendment to his postconviction petition.

¶ 11    On December 14, 2022, the State filed a motion to dismiss defendant's postconviction petition. On April 3, 2023, the circuit court granted the motion after a hearing. The circuit court found defendant's petition untimely, where it was filed more than three years after the circuit court corrected defendant's MSR term, and he gave no explanation for why it was filed so late. The court also found that defendant forfeited his sentencing claim, and that his ineffective assistance of counsel claim had no merit.

¶ 12    Defendant now appeals.

¶ 13                                III. ANALYSIS

¶ 14    On appeal, defendant challenges the circuit court's dismissal of his postconviction petition at the second stage. He argues that the court lacked jurisdiction to change the two-year MSR term he bargained for in the plea agreement. He requests that this court vacate the circuit court's September 23, 2016 order amending the MSR term and modify his MSR term to a definite term of three years. Alternatively, defendant contends that the matter should be remanded for second-

stage proceedings with new counsel where the circuit court improperly allowed his private counsel to withdraw without filing a certificate pursuant to Rule 651(c). This court reviews the second-stage dismissal of a postconviction petition *de novo*, taking as true all well-pleaded facts that are not positively rebutted by the record. *People v. Pendleton*, 223 Ill. 2d 458, 473 (2006).

¶ 15    In *People v. Whitfield*, 217 Ill. 2d 177, 194 (2005), our supreme court found that "if the defendant negotiated a plea agreement for a specified sentence, the court's failure to advise the defendant, on the record, concerning the MSR term has been held to be reversible error and a violation of due process." The supreme court reasoned that the addition of the MSR term unconstitutionally resulted in a more onerous sentence than the one the defendant bargained for in the plea agreement. *Id*. at 195. It further noted that when a defendant did not receive the benefit of the bargain, two remedies were available: (1) the promise must be fulfilled, or (2) the defendant must be given the opportunity to withdraw his or her plea. *Id*. at 202. Since neither the prosecutor nor the trial court had the authority to withhold an MSR term from the defendant's sentence, the supreme court found that an appropriate remedy was to subtract the three-year mandatory MSR term from defendant's negotiated 25-year sentence. *Id*. at 205.

¶ 16    However, the defendant in *Whitfield* was still serving his prison sentence when the supreme court considered his case, so changing his sentence from 25 to 22 years was an available remedy. In this case, defendant had already served his prison sentence when the circuit court considered his petition, and he did not wish to withdraw his guilty plea. Therefore, the only relief defendant could seek regarding his sentence was the modification of his MSR period to a definite term of three years, the minimum allowed under the statute.

¶ 17    Although defendant requested such relief, there is no statutory basis for this remedy. Instead, section 5–8–1(d)(4) of the Unified Code of Corrections (Code) (730 ILCS 5/5-8-1(d)(4)

(West 2022)) requires the circuit court to impose an indeterminate MSR term of three years to natural life for sex offenders. *People v. McCurry*, 2011 IL App (1st) 093411, ¶ 26; See also *People v. Rinehart*, 2012 IL 111719, ¶ 29 (finding that "[t]he legislature abandoned the structure of determinate MSR terms accompanying other offenses and adopted a structure of indeterminate or 'extended' MSR terms for sex offenses precisely because it viewed sex offenses differently, due to the risk of recidivism"). Courts do not have the discretion to impose a determinate MSR term when a defendant has been convicted of criminal sexual assault. *Rinehart*, 2012 IL 111719, ¶ 30.

¶ 18 With only his MSR term remaining to be served, defendant is left without appropriate postconviction relief for his claim. Accordingly, under these circumstances, we find that defendant's claim is moot. "A question is moot when no actual controversy exists or where events occur which render it impossible for the court to grant effectual relief." *People v. Lieberman*, 332 Ill. App. 3d 193, 195 (2002). See also *People v. Porm*, 365 Ill. App. 3d 791, 795 (2006) (finding that when the defendant has served his sentence, and requests only that his MSR term be stricken, the issue is moot because courts have no authority under the Code to strike the MSR period).

¶ 19 We also cannot grant effectual relief regarding defendant's contention that he received unreasonable assistance from his private counsel. Defendant contends that counsel was allowed to withdraw without filing a certificate pursuant to Rule 651(c) and, as a result, he received unreasonable assistance of counsel during postconviction proceedings. The proper remedy for this violation is to remand the matter for his attorney to comply with the limited duties required by Rule 651(c). *People v. Addison*, 2023 IL 127119, ¶ 37. However, in this case a remand would achieve nothing because there is no appropriate remedy for defendant's underlying claim. For the reasons set forth, we affirm the dismissal of defendant's postconviction petition. See *Porm*, 365

Ill. App. 3d at 795 (affirming the circuit court's dismissal of the defendant's postconviction petition where he was "without any other appropriate relief" and a remand would be futile).

¶ 20                                    IV. CONCLUSION

¶ 21    For the foregoing reasons, we affirm the judgment of the circuit court.

¶ 22    Affirmed.