NOTICE

Decision filed 07/16/25. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2025 IL App (5th) 220575-U

NO. 5-22-0575

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| RAYLAN GILFORD, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Vermilion County. |
| | ) | |
| v. | ) | No. 22-MR-9 |
| | ) | |
| FELICIA ADKINS, GREG RUNYAN, and | ) | |
| MELISSA ROBBINS, | ) | Honorable |
| | ) | Mark S. Goodwin, |
| Defendants-Appellees. | ) | Judge, presiding. |

_____

JUSTICE BARBERIS delivered the judgment of the court.
Justices Boie and Sholar concurred in the judgment.

**ORDER**

¶ 1    *Held:*   We affirm the circuit court's dismissal of plaintiff's complaint for *mandamus* where there was no clear duty for defendants to act.

¶ 2    Plaintiff, Raylan Gilford, filed a complaint for *mandamus*, seeking to compel defendants, Illinois Department of Corrections officials Felicia Adkins, Greg Runyan, and Melissa Robbins, to award him earned program sentence credit under section 3-6-3 of the Unified Code of Corrections (Unified Code) (730 ILCS 5/3-6-3 (West 2020)). Defendants filed a motion to dismiss pursuant to section 2-615 of the Code of Civil Procedure (Code) (735 ILCS 5/2-615 (West 2020)), and the Vermilion County circuit court granted the motion. Plaintiff appeals the court's dismissal of his *mandamus* action. We affirm.

1

¶ 3                                    I. Background

¶ 4     In 1994, plaintiff was sentenced to 65 years in the Illinois Department of Corrections (IDOC) after he was convicted of first degree murder and concealing a homicidal death. From 1995 to 1999, plaintiff participated in various educational programs.

¶ 5     In March 2022, plaintiff filed a complaint for *mandamus*. Plaintiff alleged that he was entitled to 810 days of sentence credit for his participation in the educational programs. Plaintiff acknowledged that he previously received 120 days' sentence credit for obtaining his associate degree but claimed he did not receive credit for the days he spent in class. Plaintiff claimed that he submitted an administrative grievance on the matter but that the grievance was denied. Thus, plaintiff requested an order of *mandamus* awarding him 810 days of earned program sentence credit, along with 405 days of earned good conduct credit. In support, plaintiff also filed a Lewis University transcript detailing his coursework from 1995 to 1999, his associate degree diploma, a sentence calculation worksheet from 2021 reflecting 120 days of earned program sentence credit, and worksheets reflecting his good conduct credits from 2018 to 2019.

¶ 6     In May 2022, defendants filed a section 2-615 motion to dismiss plaintiff's complaint for *mandamus*, along with a supporting memorandum of law. Defendants alleged that plaintiff was not entitled to the relief sought "because he [was] not owed any sentence credits, and he ha[d] not been awarded any on a discretionary basis."

¶ 7     In August 2022, following a hearing held via Zoom, the circuit court entered a written order granting defendants' motion to dismiss. In doing so, the court found as follows:

          "The Plaintiff here was entitled to a 90[-day] credit for his time spent completing a

          life skills course AND his time spent completing his college coursework for his associate's

          degree. He was entitled to a 120[-]day credit for obtaining his associate's degree. The

                                                      2

Defendants have allowed those credits. Neither Plaintiff's petition nor Illinois law provide a clear right for Plaintiff to have 810 or 405 additional days of credit, a clear duty on the part of any public official to grant Plaintiff those additional days of credit, and clear authority of any public official to comply with such an order."

¶ 8     Plaintiff filed a timely notice of appeal. While the appeal remained pending, plaintiff was released from prison and began serving a term of mandatory supervised release (MSR).

¶ 9                                   II. Analysis

¶ 10    On appeal, plaintiff appears to argue that the circuit court erred by granting defendants' motion to dismiss. In response, defendants argue that the appeal is moot and, alternatively, that the court properly dismissed plaintiff's *mandamus* action.

¶ 11    As an initial matter, we note that plaintiff's *pro se* appellant brief fails to comply with Illinois Supreme Court Rule 341(h) (eff. Oct. 1, 2020). Specifically, plaintiff's brief does not cite to the record and fails to include a coherent supporting argument.

¶ 12    The rules governing the contents and requirements for an appellant's brief are set forth in Rule 341(h). Rule 341(h)(6) provides that an appellant's statement of facts "shall contain the facts necessary to an understanding of the case, stated accurately and fairly without argument or comment, and with appropriate reference to the pages of the record on appeal." Ill. S. Ct. R. 341(h)(6) (eff. Oct. 1, 2020). Rule 341(h)(7) provides that an appellant's argument section "shall contain the contentions of the appellant and the reasons therefor, with citation of the authorities and the pages of the record relied on." Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020). Rule 341(h) is not a mere suggestion, and it is within this court's discretion to strike an appellant's brief and dismiss the appeal entirely for failing to comply with Rule 341(h). *Niewold v. Fry*, 306 Ill. App. 3d 735, 737 (1999).

¶ 13    Here, plaintiff's brief fails to comply with Rule 341(h)(6) and (7). Specifically, plaintiff's brief fails to include even one citation to the record. Moreover, plaintiff's brief fails to include an appropriate argument in support of his appeal. Plaintiff appears to present the exact arguments he presented before the circuit court, rather than presenting arguments in support of his contention that the court erred by dismissing his *mandamus* action. Notably, although the court dismissed plaintiff's action pursuant to section 2-615 of the Code, plaintiff's brief to this court fails to cite section 2-615 of the Code or include argument to demonstrate that the court erred by dismissing his action pursuant to section 2-615 of the Code. However, we acknowledge that the brief need not be stricken in whole or in part if the violations of supreme court rules do not "hinder or preclude review." *Gaston v. City of Danville*, 393 Ill. App. 3d 591, 601 (2009). Because the issues are simple and the record is short, we will not strike plaintiff's brief and dismiss the appeal. See *Vance v. Joyner*, 2019 IL App (4th) 190136, ¶ 80 (the appellate court may choose to address the issues raised in a deficient appellant's brief where the record is short and the issues are simple).

¶ 14    We next consider defendants' argument that the appeal is moot where plaintiff has been released from prison and is serving a term of MSR. "An appeal becomes moot when an occurrence of events since the filing of the appeal makes it impossible for the reviewing court to provide effective relief." *People v. Montalvo*, 2016 IL App (2d) 140905, ¶ 14 (citing *People v. Jackson*, 199 Ill. 2d 286, 294 (2002)). "Where a defendant has been released from prison but remains on mandatory supervised release (MSR), a reduction in his prison sentence would affect how long he could be reincarcerated for a violation of his MSR." *Id.* (citing *Jackson*, 199 Ill. 2d at 294). "Accordingly, a challenge to the length of a prison term is not moot if it is brought before the defendant has completed his MSR." *Id.*

¶ 15    Here, plaintiff has completed his term of imprisonment but has not yet completed his MSR. Thus, his appeal is not moot.

¶ 16    Defendants acknowledge the holding of *Montalvo* but assert that this court is not bound by that decision. We note, however, that this court has seemingly adopted the reasoning of *Montalvo* in unpublished decisions. See *People v. Calvert*, 2024 IL App (5th) 230142-U, ¶ 15 (concluding that the appeal was not moot where the defendant on MSR challenged the length of his prison sentence because a successful challenge could affect the length of reincarcerations for an MSR violation); see also *People v. Jackson*, 2024 IL App (5th) 230435-U (reaching the same conclusion). The First District has also adopted the reasoning of *Montalvo* in an unpublished decision. See *People v. Lamb*, 2021 IL App (1st) 191645-U, ¶ 22. Accordingly, we decline defendants' invitation to depart from the reasoning of *Montalvo*.

¶ 17    We next consider defendants' argument that the circuit court properly dismissed plaintiff's *mandamus* action. "Because Illinois is a fact-pleading jurisdiction, a plaintiff must set forth a legally recognized claim and plead facts in support of each element that bring the claim within the cause of action alleged." *Sharp v. Baldwin*, 2020 IL App (2d) 181004, ¶ 8 (citing *Rodriguez v. Illinois Prisoner Review Board*, 376 Ill. App. 3d 429, 434 (2007)). "To survive a motion to dismiss for failure to state a cause of action, a complaint must be both legally and factually sufficient." *Id.* "Dismissal pursuant to section 2-615 is inappropriate where the allegations of the complaint, construed in the light most favorable to the plaintiff, are sufficient to establish a cause of action upon which relief may be granted." *Id.* (citing *Oliver v. Pierce*, 2012 IL App (4th) 110005, ¶ 11). "In ruling on such a motion to dismiss, a court must accept as true all well-pleaded facts in the complaint and all reasonable inferences therefrom." *Id.* "We review a section 2-615 dismissal *de novo*." *Id.* (citing *Reynolds v. Jimmy John's Enterprises, LLC*, 2013 IL App (4th) 120139, ¶ 25).

5

¶ 18    "*Mandamus* is an extraordinary remedy used to compel a public official to perform a purely ministerial duty where no exercise of discretion is involved." *People ex rel. Alvarez v. Skryd*, 241 Ill. 2d 34, 38 (2011). Issuance of a writ of *mandamus* requires the petitioner to establish (1) a clear right to the requested relief, (2) a clear duty of the public official to act, and (3) clear authority in the public official to comply with the writ. *Id.* at 39.

¶ 19    "IDOC has operated under various versions of the Unified Code during plaintiff's incarceration." *Sharp*, 2020 IL App (2d) 181004, ¶ 10. From 1973 until January 1, 2018, the Unified Code precluded inmates convicted of, *inter alia*, first degree murder from earning sentence credit for participating in IDOC educational programs. *Id.* On January 1, 2018, the legislature deleted the prohibition (Pub. Act 99-938, § 10 (eff. Jan. 1, 2018)) and added the following provision:

> "On or after the effective date of this amendatory Act of the 100th General Assembly, sentence credit under paragraph (3), (4), or (4.1) of this subsection (a) may be awarded to a prisoner who is serving a sentence for an offense described in paragraph (2) [(which includes first degree murder)] *** for credit earned on or after the effective date of this amendatory Act[.]" 730 ILCS 5/3-6-3(a)(4.7) (West 2018).

¶ 20    Thereafter, the legislature added the following provision:

> "(B) The Department shall award sentence credit under this paragraph (4) accumulated prior to the effective date of this amendatory Act of the 101st General Assembly in an amount specified in subparagraph (C) of this paragraph (4) to an inmate serving a sentence for an offense committed prior to June 19, 1998, if the Department determines that the inmate is entitled to this sentence credit ***[.]

> * * *

6

(C) If the inmate can provide documentation that he or she is entitled to sentence credit under subparagraph (B) in excess of 45 days of participation in those programs, the inmate shall receive 90 days of sentence credit. If the inmate cannot provide documentation of more than 45 days of participation in those programs, the inmate shall receive 45 days of sentence credit. In the event of a disagreement between the Department and the inmate as to the amount of credit accumulated under subparagraph (B), if the Department provides documented proof of a lesser amount of days of participation in those programs, that proof shall control. If the Department provides no documentary proof, the inmate's proof as set forth in clause (ii) of subparagraph (B) shall control as to the amount of sentence credit provided." Pub. Act 101-440, § 5 (eff. Jan. 1, 2020) (adding 730 ILCS 5/3-6-3(a)(4)(B), (C)).

¶ 21    The legislature again amended section 3-6-3 on July 1, 2021, granting 120 days of sentence credit to eligible inmates for obtaining an associate degree either before or after July 1, 2021. Pub. Act 101-652 § 10-281; 730 ILCS 5/3-6-3(a)(4.1) (eff. July 1, 2021). This amendment increased the amount of sentence credit awarded for engaging in educational and other programs from .25 or .5 days of credit per day of program participation to one day of credit per day of program participation. 730 ILCS 5/3-6-3(a)(4)(A) (eff. July 1, 2021).

¶ 22    Here, plaintiff was convicted of first degree murder, an offense which occurred prior to 1998 and was not initially eligible for sentence credit. Following the amendment in 2018, plaintiff received 90 days of retroactive credit pursuant to section 3-6-3(a)(4)(B) and (C) of the Unified Code. Although he may have completed 810 days of educational programs from 1995 to 1999, we agree with defendants that plaintiff was not entitled to any additional retroactive sentence credit. Plaintiff also received 120 days of credit pursuant to section 3-6-3(a)(4.1). Thus, plaintiff received

the maximum credits pursuant to the Unified Code and, thus, there was no clear duty for defendants to act by awarding plaintiff additional sentence credit. Accordingly, the circuit court properly dismissed his *mandamus* action pursuant to section 2-615 of the Code.

¶ 23                                   III. Conclusion

¶ 24    For the foregoing reasons, we affirm the judgment of the circuit court of Vermilion County.


¶ 25    Affirmed.